ANDREW A. MURDOCH, Appellant, *v.* MAX S. GRIFEN-
HAGEN, Respondent.

(Supreme Court, Appellate Term, First Department, June, 1917.)

Fees — of sheriffs — statutes — poundage — Code Civ. Pro. § 3307.

> The special statute (Laws of 1890, chap. 523, § 17, as amended
> by Laws of 1892, chap. 418), which was applicable only to the
> sheriff of the county of New York and which allowed him
> poundage on attached property even though the warrant of
> attachment be discharged by order of the court, conflicts, is
> inconsistent with and was expressly repealed by section 3307
> of the Code of Civil Procedure, as amended by chapter 565
> of the Laws of 1915, which covers every contingency of said
> special statute as amended and makes no provision for poundage
> under the same circumstances.

APPEAL by plaintiff from judgment of the Municipal
Court of the city of New York, borough of Manhattan,
fifth district, dismissing complaint.

Bigelow & Wise (J. Hampden Dougherty, Jr., of
counsel), for appellant.

Gilbert, Lauterstein & Gilbert (A. S. Gilbert and
Godfrey Cohen, of counsel), for respondent.

GUY, J.  Action against former sheriff to recover
poundage exacted by him from plaintiff's assignor on
releasing warrant of attachment.

On or about November 15, 1915, in an action then
pending against Mozambique Trading and Plantation
Company, plaintiff's assignor, in the Supreme Court,
New York county, the plaintiff therein, claiming dam-
ages in the sum of $20,400, obtained a warrant of

attachment directing the then sheriff of New York county, defendant herein, to levy upon the property of the company to the value of $20,400 with interest. On the same date the attachment was duly levied by the sheriff upon the company's property of the value of approximately $70,000. Upon the giving of the statutory undertaking an order was duly made by the court on or about November 22, 1915, discharging and releasing the attachment as to the whole of the property attached, which was then in the possession of the sheriff under a certificate of the Chase National Bank, and the sheriff was directed to give notice of the release of the levies made under the attachment; but notwithstanding the service upon him of the order of the court the sheriff refused to give the notice requested except upon payment to him of $383.15, poundage on the property attached, which sum the assignor of the plaintiff was compelled to pay to regain possession of its property.

The trial court has sustained the claim of the respondent that he was entitled, as sheriff, to the poundage, under chapter 523 of the Laws of 1890, as amended by chapter 418 of the Laws of 1892, against the contention of the appellant that that part of the 1890 statute so amended was repealed by the amendment to section 3307 of the Code of Civil Procedure effected by chapter 565 of the Laws of 1915.

The 1890 statute is a special statute applicable only to the sheriff of the county of New York, and section 17 thereof in its various subdivisions fixed the compensation of said sheriff for his services, but it did not authorize poundage where an attachment was released by order of the court. As section 17 was amended in 1892, however, the statute, in the event of the discharge of the attachment by order of the

court, gave " poundage upon the value of the property attached not exceeding the amount specified in the warrant and such additional compensation for his trouble and expenses in taking possession and preserving the property as the judge issuing the warrant allows."

As amended in 1915 section 3307 of the Code in its various subdivisions covers every contingency provided for by section 17 of the 1890 special statute, and although the 1915 law deals generally with the fees of " a sheriff," in its several subdivisions provision is specifically made for the fees of the sheriffs of New York, Kings, Bronx, Queens and Richmond counties. In respect to the fees on attachment, subdivision 2 of section 3307 is as follows: " For levying a warrant of attachment, against the property of a defendant, issued as prescribed in title third of chapter seventh of this act, or for executing a requisition to replevy one or more chattels, one dollar; except that in the counties of New York, Kings, Bronx, Queens and Richmond it shall be five dollars; and, also, such additional compensation, for his trouble and expenses, in taking possession of and preserving the property, as the judge, issuing the warrant, or in case of a replevin, as the court or judge thereof allows." And by section 2 of the 1915 statute amending section 3307 of the Code " all other laws or sections of laws now affecting the counties of New York, Kings, Bronx, Queens and Richmond conflicting or inconsistent herewith are hereby repealed." The use of the word " sections " in this connection is significant, for the 1890 special statute respecting the sheriff of New York county contains sections other than section 17 which deal with matters not touched in the 1915 Code amendment.

It was clearly the intention of the legislature in

amending the Code in 1915 to put all of the law fixing sheriff's fees in section 3307, where it logically belongs; and it requires no citation of authority for the proposition that a section of a statute which allows a sheriff poundage on attached property even though the warrant of attachment be discharged by order of the court conflicts and is inconsistent with an act covering all sheriff's fees which makes no provision for poundage under the same circumstances, and is thus expressly repealed by the later act. It follows that the defendant had no right to exact poundage from the plaintiff's assignor, and that the judgment appealed from is erroneous.

Judgment reversed, with thirty dollars costs, and judgment directed for plaintiff, with appropriate costs in the court below.

WHITAKER and FINCH, JJ., concur.

Judgment reversed, with costs.