GOTHAM NATIONAL BANK, Plaintiff, v. CORINNE G. HICKOX et al., Defendants.

(Supreme Court, New York Special Term, June, 1917.)

Code Civ. Pro. § 3307(22) as amended by chapter 265 of the Laws of 1917 — sheriff of county of New York — attachment — poundage.

Under section 3307(22) of the Code of Civil Procedure, as amended by chapter 265 of the Laws of 1917, in effect April 27, 1917, the sheriff of the county of New York is entitled to poundage when a levy has been made under a warrant of attachment and the attachment is vacated; and he is entitled to retain the property levied upon until his fees and poundage are paid.

MOTION to have the lien of a warrant of attachment dissolved and discharged.

Wilder, Ewen & Patterson, for plaintiff.

George W. Olvany, for sheriff of New York county.

TIERNEY, J. A warrant of attachment was issued in this case and the sheriff levied upon certain personal property of the defendant Hickox. Thereafter, on May 21, 1917, she filed a petition in bankruptcy and was adjudicated a bankrupt, but no receiver or trustee has been appointed. She moves to have the lien of the warrant of attachment dissolved and discharged because levied within four months of the adjudication of bankruptcy. There is no contention that the right to have this property brought into and administered in the bankruptcy proceeding has superseded the right of the plaintiff to hold it by attachment, and the sheriff is ready to turn over the property to a receiver or trustee, but upon payment of his fees. The provision of the Bankruptcy Act making void the preference gained by an attachment does not preclude the sheriff from asserting his superior right to have his fees paid upon the discharge of the levy. The recent case of *Murdoch* v. *Grifenhagen,* 100 Misc. Rep. 252, which was decided by the Appellate Term in this department, held that the sheriff was not entitled to poundage in case of a warrant of attachment being vacated by the court. That was because at the time therein involved there was no statute providing for poundage in such a case. Now, however, by chapter 265 of the Laws of 1917, which became a law on April 27, 1917, subdivision 22 of section 3307 of the Code of Civil Procedure has been added so as to

expressly provide that in the county of New York the sheriff is entitled to poundage when a levy has been made under a warrant of attachment and the attachment is vacated; and he shall be entitled to retain the property levied upon until his fees and poundage are paid. The decision in *Murdoch* v. *Grifenhagen* has therefore no application in the present state of the law and construed the statutes only as they existed before April 27, 1917.

The motion will be granted, but the sheriff may retain the property levied upon until his fees and poundage are paid. As the delivery of the property must be postponed until there is a receiver or trustee to receive it from the sheriff, the matter of adjusting the sheriff's fees and poundage should be postponed until it can be made on notice to the receiver or trustee.

Ordered accordingly.