O'Neil *v.* Nagle.

CHARLES A. O'NEIL, Respondent, *against* SAMUEL NAGLE, Appellant.

(Decided April 2d, 1888.)

A debt due a citizen of New York from a resident of another state may be attached in the latter state under garnishee process, by a resident of that state to whom the citizen of New York state is indebted, where the laws of such state allow the attachment of debts; and such attachment is a good plea in abatement of an action by the citizen of New York to recover the debt.

APPEAL from a judgment of the General Term of the City Court of New York affirming a judgment of that court in favor of plaintiff.

The facts are stated in the opinion.

*Charles D. Ridgway*, for appellant.

*Jeroloman & Arrowsmith*, for respondent.

VAN HOESEN, J. — Nagle is a resident of New Jersey, and is bound by its laws. Everitt & Pidcock are also residents of New Jersey. Nagle owed a debt to one Healy, who made an assignment for the benefit of creditors to O'Neil, the plaintiff. Healy owed a debt to Everitt & Pidcock. The assignment for the benefit of creditors made by Healy is valid according to the laws of the state of New York, but is void under the laws of the state of New Jersey, because it gives a preference to a favored creditor, and preferences are not tolerated in New Jersey. Everitt & Pidcock began in New Jersey a suit for the collection of their demand against Healy, who is a resident of New York, and obtained the process of foreign attachment, under which the debt owing by Nagle to Healy was duly attached in the hands of Nagle, in the state of New Jersey. Under the laws of New Jersey, the debt having been attached, and a return

having been made by the sheriff, the court appointed an auditor to adjust and audit the amount due from Healy to Everitt & Pidcock, but it does not appear that Nagle has as yet been compelled to pay to Everitt & Pidcock the amount of the debt to Healy. Final judgment against Healy had not been entered in favor of Everitt & Pidcock at the time the answer in this action was interposed, nor does it appear that it has since been entered.

The City Court held that if Everitt & Pidcock had been able to lay hold of any visible and tangible thing belonging to Healy, it would have been subject to the process of foreign attachment if found in the state of New Jersey, notwithstanding the assignment made to O'Neil; but as the property attached is only a debt due to Healy, — an incorporeal thing, — it was not within the jurisdiction of the courts of New Jersey, and therefore the sheriff did not and could not attach it and acquire a right to hold it, and to subject it to the payment of any judgment that might be recovered by Everitt & Pidcock against Healy. The cases of *Guillander* v. *Howell* (35 N. Y. 662) and *Howard Nat. Bank* v. *King* (10 Abb. N. Cas. 346) are cited as authorities for that conclusion. Of the case of *Howard* v. *King*, it is not necessary to say more than it was well decided upon the facts, and that the observations made upon the liability of a debt to attachment at a place in which the creditor does not reside, do not profess to be anything more than an acquiescence in the dicta of the late Judge PECKHAM in *Guillander* v. *Howell*. In *Guillander* v. *Howell* all that Judge PECKHAM said respecting the liability of a debt to attachment in the state in which the debtor lives, but in which the creditor does not live, was *obiter*. What the court decided in that case was that a New Jersey creditor of a New York debtor could attach and hold a steam-boiler found in New Jersey, though before the attachment was levied the debtor had made an assignment for the benefit of creditors, which would have conveyed the boiler to the assignee if the assignment had not been void in New Jersey, because, in violation of the law of that state, it gave preferences. Judge PECKHAM, at the

beginning of his opinion, leaves no room for doubt as to the only point that he intended to decide. Though others beside Judge PECKHAM have discussed the feasibility of drawing a distinction between tangible and intangible property, and of holding that tangible property may be attached wherever it is found, but that intangible property can be attached nowhere save at the place of the owner's residence, there is not, to the best of my information, any decision in this state that overrules the case of *Embree* v. *Collins* (5 Johns. 101), which is an express authority for the proposition that a debt due to a citizen of New York from a resident of another state, may be attached in that state under the garnishee process, by another resident of that state to whom the citizen of New York is indebted. There are cases that go far beyond the decision in *Embree* v. *Collins*, and which permit a citizen of a state to reach the earnings of another citizen of the same state, by bringing an action and pursuing the garnishee process in a foreign jurisdiction, the laws of which do not exempt wages of a workingman from seizure, though such wages are exempt by the laws of the state in which both the plaintiff and the defendant reside. Such a case is that of *Dealing* v. *New York &c. R. Co.* (8 N. Y. St. Rep'r 386) ; and such are the following cases : *Mooney* v. *Union Pacific R. Co.* (60 Iowa 346); *The City of New Bedford* (20 Fed. Rep'r 57) ; *Broadstreet* v. *Clark* (65 Iowa 670); *Burlington* v. *Thompson* (31 Kans. 180); *Wilson* v. *Joseph* (5 West. Rep'r 681); *Stevens* v. *Brown* (20 W. Va. 450).

In all these cases the courts treated the suggestion that debts can have no other situs than the home of the creditor as of no force. If it were true that debts could not be reached by the garnishee process except in the state where the person to whom they are owing resided, there would have been a perfect answer to the process of foreign attachment in every one of the cases that I have cited.

But it is idle to enter into a discussion of the matter, because the Court of Appeals, in a recent case, has passed upon the point. In *Williams* v. *Ingersoll* (89 N. Y. 508),

Judge EARL said : " A debt always, under general jurisprudence, has its situs either at the domicile of the creditor or where the written obligation upon which it is due is held, and not at the situs of the debtor.   Hence, under general public law, recognized by all courts, there was nothing in Connecticut to attach.   But local laws may fix the situs of the debt at the domicile of the debtor, and, under such laws, it may be effectually attached against a non-resident creditor, and compulsory payment under the attachment will protect the debtor everywhere against a suit for the recovery of the same debt by the creditor.   The law seems to be thus settled for the reason that it would be unjust to compel the debtor to pay his debt twice " (citing *Embree* v. *Collins*, 5 Johns. 101).

Like any other property, a debt may, therefore, be subjected to process of foreign attachment whenever the laws of a state declare that it shall be.

There is no doubt that the laws of New Jersey do make debts attachable, and fix the situs of the debt, for the purposes of the attachment, at the domicile of the debtor.   Nor is there any doubt that the assignment under which the plaintiff claims, is invalid under the laws of New Jersey. The statutes of that state, as expounded by the courts, entitle Everitt & Pidcock to attach the debt ·in suit in the hands of Nagle, and he may be compelled to pay it to the sheriff in New Jersey.   He may, therefore, now successfully plead the attachment in abatement, and, if compelled to pay the debt to the sheriff, he may plead that payment in bar of the demand that O'Neil is making upon him (*Varnum* v. *Camp*, 13 N. J. L. 326; *Moore* v. *Bunnell*, 31 N. J. L. 9; *Van Winkle* v. *Armstrong*, 41 N. J. Eq. 404; *Warner* v. *Jaffray*, 96 N. Y. 248).

The judgment must be reversed and a new trial ordered, with costs to abide the event.

J. F. DALY, J., concurred.

Judgment reversed and new trial ordered, with costs to abide event.