Philippine Vegetable Oil Company, Plaintiff, *v.* Spire Pitou, Jr., Defendant.

(Supreme Court, New York Special Term, January, 1919.)

Conversion — when sheriff not entitled to fees in receiving money under attachment — Code Civ. Pro. §§ 3287, 3307(7).

A sheriff by virtue of a warrant of attachment received from the defendant in the action, the plaintiff herein, a certain amount in cash in place of the property attached, the same to

be held and deposited by him in a certain bank subject to the further order of the court. The attachment was discharged by an order which directed the sheriff to deliver to the defendant in the attachment, the property so attached and remaining in his hands, but he returned only a portion of the money claiming the balance as fees. *Held,* that the facts did not show a collection of money by virtue of the attachment and that in an action of conversion for the amount retained by the sheriff, a defense that he was entitled thereto under section 3307(7) of the Code of Civil Procedure must fail.

Likewise, a defense that no notice, as required by section 3287 of the Code of Civil Procedure, demanding that he, as sheriff, tax his costs, charges and expenses in the action in which the attachment was granted, was served upon him, must also fail as said section applies only where there has been collection on an execution or a settlement of the action.

MOTION by the plaintiff for judgment upon the pleadings.

George Thoms, for motion.

William C. Casey, Jr., opposed.

GIEGERICH, J.   The plaintiff moves for judgment upon the pleadings, consisting of the complaint and answer. The complaint alleges that the defendant, as sheriff of Richmond county, levied upon and attached certain property of the plaintiff by virtue of a warrant of attachment procured in a certain action brought against this plaintiff as defendant. It is further alleged that the value of the goods so attached was $127,000, and that pursuant to a stipulation made in such action this plaintiff substituted cash in the sum of $127,000 in place of the property so attached, which cash was to be held by this defendant to be deposited in a designated bank subject to the further order of the court. Subsequently, it is alleged, this plaintiff filed an undertaking for the discharge of the attach-

ment, and an order was procured in that action discharging the attachment and directing the sheriff to deliver the property so attached and remaining in his hands to this plaintiff, pursuant to which order the sheriff paid over all of said money and the interest allowed thereon, except the sum of $1,445, which, the complaint alleges, he retained and wrongfully converted to his own use. The answer makes no denial of any of the allegations of the complaint except the allegation of conversion, and sets up two separate defenses. The first defense, briefly summarized, is that the defendant is entitled to the said sum of $1,445 as his statutory fees, expenses and charges of collecting the sum of $127,000 under the attachment. The defendant bases his claim to the amount in question upon subdivision 7 of section 3307 of the Code of Civil Procedure, which provides as follows: " 3307. A sheriff is entitled, for the services specified in this section, to the following fees: * * * 7. For collecting money by virtue of an execution, a warrant of attachment, or an attachment for the payment of money, * * * in either of the counties of New York, Kings, Bronx, Queens and Richmond, five per centum upon the first $1,000 collected; two and one-half per centum on the next $9,000 collected; and one per centum on all sums over and above $10,000." The question is whether the facts shown constitute a collection of money by virtue of a warrant of attachment within the meaning of the statute just quoted. My opinion is that they do not constitute such a collection. If the moneys received by the sheriff under the attachment had ultimately been paid over to the plaintiff in the action in which the attachment was obtained, then it might properly be said that such money was collected by virtue of the attachment; but in this case the money deposited by order of the court merely took the place

of the attached property, and its subsequent return by order of the court to the defendant in the action in which the attachment was issued put an end to the transaction in such a way as, in my opinion, to preclude a holding by the court that such money had been collected. All there was of the transaction was this: The sheriff received from the defendant in that action certain moneys by virtue of the warrant of attachment, which moneys he held for a time under the attachment and which he subsequently returned to the defendant in that action instead of paying that money over to the plaintiff in that action, as might have been the result if the course of proceedings in the action had been different. All this, in my opinion, falls short of constituting a collection of money under the attachment in any proper sense of the word collection. The defendant must therefore fail so far as concerns his first defense. His second defense is that no notice demanding that he, as sheriff, tax his costs, charges, fees and expenses in the action in which the attachment was procured has been served upon him as provided by law. This defense, I think, must also fail. The defendant relies upon section 3287 of the Code of Civil Procedure, but that section applies only to cases where there has been collection of an execution or a settlement of the action, neither of which events has occurred in this case so far as the pleadings show. The case of *Hall* v. *United States Reflector Co.,* 31 Hun, 609, is cited in support of the defendant's contention, but I cannot see that that case has any application. It may be that the defendant is entitled, under subdivision 2 of section 3307 of the Code of Civil Procedure, to some compensation in the discretion of the judge issuing the warrant of attachment, and if it is deemed that the question of allowing the defendant an opportunity to make application for such compensa-

tion can be properly considered upon the present motion, that question may be presented upon settle-- ment of the order to be entered hereon. The motion for judgment is granted, with ten dollars costs.

Motion granted, with ten dollars costs.