PRAHL CONSTRUCTION CORPORATION, Plaintiff, *v.* HARRY JEFFS, Sheriff of Montgomery County, Defendant.

Supreme Court, Montgomery County, March 27, 1926.

Sheriffs — fees — sheriff in making levy under warrant of attachment only required to take actual custody of property capable of manual delivery — sheriff may waive provisions of Civil Practice Act, §§ 918 and 921 — sheriff not required to take physical possession of warrant to plaintiff's order on city treasurer of city of Amsterdam where said property was incapable of manual delivery at time levy was made — discharge of attachment did not deprive sheriff of fees and poundage charges pursuant to Civil Practice Act, § 1558, subds. 2, 7 and 18.

A sheriff making a levy under a warrant of attachment is only required to take actual custody of property which is capable of manual delivery. All other personal property becomes subject to levy when a certified copy of the warrant of attachment is left with the person holding the property.

The provisions of section 918 of the Civil Practice Act requiring the person holding property belonging to a defendant under a warrant of attachment, to furnish the sheriff with a certificate of defendant's interest therein, are not mandatory. The fact that a sheriff, in his discretion, waived the provisions of said section does not invalidate the levy. Nor does the fact that he failed to make a demand or make and file an inventory of the property as required by section 921 of the Civil Practice Act affect the validity of the levy.

Accordingly, defendant to whom, as sheriff of Montgomery county, was delivered for execution a warrant of attachment issued against plaintiff's property in an action pending in the Supreme Court, wherein plaintiff herein was defendant, directing him to attach the property of said plaintiff in satisfaction of a claim for a substantial amount of money, was not required to take physical possession of a warrant to plaintiff's order for the amount due from the city of Amsterdam under a municipal contract which came into the hands of the city treasurer, upon whom had been served a certified copy of the warrant of attachment, for the reason that the property levied upon for the debt due by the city of Amsterdam to the plaintiff was incapable of manual delivery by reason of the fact that at the time the levy was made the warrant for the payment thereof had not actually reached the office of the treasurer of said city.

The discharge of the warrant of attachment against plaintiff's property, upon the giving of the statutory undertaking, with the direction that the defendant deliver the proceeds of said attachment to the plaintiff, did not deprive said

defendant of his fees and poundage charges pursuant to subdivision 18 of section 1558 of the Civil Practice Act (as amd. by Laws of 1922, chap. 626); therefore, defendant is entitled to a fee for levying the warrant of attachment plus poundage fees specified under subdivisions 2, 7 and 18 of section 1558 of the Civil Practice Act.

Under subdivision 18 of section 1558 of the Civil Practice Act defendant is entitled to poundage upon the sum of $17,828, the value of the property attached, and until plaintiff, at whose instance the warrant of attachment was vacated, pays said fees, defendant is entitled to retain said property.

However, plaintiff is entitled to a judgment against the defendant for sixty-three dollars and sixteen cents, with interest, the difference between the amount to which defendant was legally entitled and the amount he actually demanded and received, plus costs and disbursements.

ACTION by the plaintiff against the defendant, as sheriff, to recover the sum of $605 poundage fees claimed to have been illegally exacted by him on releasing a levy under a warrant of attachment against the plaintiff's property.

*Parsons, McClung & Rose* [*Thomas H. Lee* of counsel], for the plaintiff.

*Charles R. Tobin,* for the defendant.

HEFFERNAN, J.    There is no serious dispute concerning the facts. On the 23d of May, 1925, in an action then pending in the Supreme Court of Queens county in which Corrine Cohn was plaintiff and the plaintiff here was defendant, a warrant of attachment was issued against the defendant's property directed generally to the sheriff of any county commanding him to attach property of said defendant, in satisfaction of the demand of the plaintiff in that action to the extent of $20,000. Subsequently this warrant was delivered to the defendant in this action for execution. On May 26, 1925, there was due to the plaintiff from the city of Amsterdam the sum of $17,828 under a contract between the plaintiff and that city for the construction of a high school building.

On that day a certified copy of the warrant of attachment was served upon the treasurer of the city. On May 27, 1925, there came into the hands of the city treasurer a warrant to the order of the plaintiff as part payment upon its contract for the amount due from the city. According to the provisions of the charter of the city of Amsterdam the counter-signature of the treasurer of the city is required before payment of the warrant could be made. The treasurer, acting on the advice of the corporation counsel of the city, refused to affix his signature to the order for payment of the money until the attachment was released. On the 17th day of June, 1925, upon giving the statutory undertaking, an order was made discharging the warrant of attachment against

the plaintiff's property and directing the defendant to deliver the proceeds of said attachment to the plaintiff. A copy of this order was served on the defendant and a demand thereupon made for the surrender of the property in his possession. The defendant declined to release the levy until poundage fees of $605 were paid to him. On July 2, 1925, the plaintiff here paid to the defendant, under protest, the fees claimed as poundage and thereupon the levy under the warrant of attachment was released.

The plaintiff contends that the sheriff made no levy under the warrant of attachment and that having made no collection he is not entitled to poundage, and that in any event the amount exacted by him is excessive.

In support of its claim that no proper levy was made the plaintiff urges that the defendant did not actually take into his custody the warrant for the payment of money from the city of Amsterdam as required by section 917 of the Civil Practice Act; that he did not demand or receive from the treasurer of the city a certificate specifying the debt due from the city to the plaintiff as provided by section 918 of the same act, and that he omitted to make an inventory of the property levied upon as required by section 921 of this act. It is conceded that the sheriff took nothing into his possession; that he made no demand upon the city treasurer for a certificate as to the amount of the indebtedness due from the city to the plaintiff and that he made no inventory.

At the time of the execution of the warrant of attachment no order for the payment of money from the city of Amsterdam to the plaintiff was then in the hands of the city treasurer, and consequently the defendant could not take physical possession thereof. It is only property that is capable of manual delivery that the sheriff must take into his actual custody. All other personal property becomes subject to the levy when a certified copy of the warrant is left with the person holding the same. The property levied upon here was a debt due from the city of Amsterdam to the plaintiff. By this levy a specific lien was created upon the demand existing in favor of the plaintiff from the city of Amsterdam. This debt was incapable of manual delivery because at the time the levy was made the warrant for the payment thereof had not actually reached the treasurer of the city. It was not then signed by the treasurer and consequently was not negotiable.

It seems to me that the provisions of section 918 of the Civil Practice Act, to the effect that one holding property belonging to a defendant must furnish to the sheriff a certificate of the defendant's interest therein, are not mandatory in order to make a valid levy. This statute is for the protection of the sheriff and he may,

in his discretion, waive its provisions.    The statute does not require him to make the demand.    Where the demand is made, then he must be furnished with the required information.    Failure of the sheriff to make and file an inventory of the property attached does not invalidate the levy.    Evidently that provision was enacted for the protection of creditors.    Unquestionably, any creditor of the plaintiff here would have the right to require the sheriff to make and file such an inventory.    The plaintiff, however, cannot take advantage of his failure to do so.    The omission to make such an inventory has not prejudiced the plaintiff to any extent. .

The fees of the sheriff are regulated by section 1558 of the Civil Practice Act (as amd. by Laws of 1922, chap. 626) and the defendant bases his claim to the poundage in question upon subdivision 18 of that section, which reads as follows: " In all counties where a levy has been made under a warrant of attachment and the warrant of attachment is vacated or set aside by order of the court, the sheriff is entitled to poundage upon the value of the property attached not exceeding the amount specified in the warrant, and such additional compensation for his trouble and expense in taking possession and preserving the property as the judge issuing the warrant allows, and the judge or court may make an order requiring the party at whose instance the attachment is issued to pay the same to the sheriff; and when said attachment has been otherwise discharged by order of the court, he shall be entitled to the poundage aforesaid and to retain the property levied upon until his fees and poundage are paid by the party at whose instance the attachment is discharged."

This subdivision was formerly subdivision 22 of section 3307 of the Code of Civil Procedure.    It was added to the Code by chapter 265 of the Laws of 1917.    As originally enacted it was applicable only to the county of New York.    Section 3307 of the Code of Civil Procedure was incorporated in the Civil Practice Act as section 1558 and subdivision 22 of the Code was renumbered subdivision 18 of that section by section 14 of chapter 199 of the Laws of 1921.    The Legislature in 1922, by chapter 626 of the laws of that year, amended generally section 1558 of the Civil Practice Act and struck out the words of limitation in subdivision 18 of that section and made its provisions applicable to all counties.

The plaintiff urges that on the discharge of the attachment the defendant is not entitled to poundage and cites *Philippine Vegetable Oil Company* v. *Pitou* (105 Misc. 634; affd., 189 App. Div. 899) as a controlling authority.    In the case cited an action was brought against the defendant, as sheriff of Richmond county, to recover fees alleged to be wrongfully detained by him.    It appeared

that the defendant levied upon certain property by virtue of a warrant of attachment and that later an undertaking was given for the discharge of the attachment, followed by an order directing the sheriff to release the property. The sheriff sought to justify his charges under subdivision 7 of section 3307 of the Code of Civil Procedure (now subdivision 7 of section 1558 of the Civil Practice Act, without change). The court held that under the facts shown no collection of money was made and that consequently the sheriff was not entitled to retain the fees exacted. At the time that decision was made subdivision 22 of section 3307 of the Code of Civil Procedure applied only to the county of New York, That decision has no application to the law as it now exists.

It seems to me that under the express provisions of subdivision 18 of section 1558 of the Civil Practice Act, the defendant here is entitled to poundage upon the sum of $17,828, being the value of the property attached, and that he was entitled to retain such property until his fees were paid by the plaintiff at whose instance the warrant of attachment was vacated. (*Gotham National Bank* v. *Hickox,* 100 Misc. 372.)

The defendant in this action is entitled to the sum of $2 for levying the warrant of attachment. (Civ. Prac. Act, § 1558, subd. 2.) He is also entitled to poundage fees as follows: Five per cent on $250, amounting to $12.50; three per cent on the balance of $17,578, amounting to $527.34. (Civ. Prac. Act, § 1558, subds. 7, 18.)

There is no proof here which justifies an allowance for mileage. No application was made by the defendant to the judge granting the warrant or to the court for any additional compensation for his trouble and expense in taking possession of, and preserving, the property, and consequently no allowance can now be made for services in that respect. The defendant, therefore, was entitled to demand and receive the sum of $541.84 before releasing his levy. He actually demanded and received $605, being $63.16 over and above the amount to which he was legally entitled.

The plaintiff is, therefore, entitled to judgment against the defendant for sixty-three dollars and sixteen cents, with interest from the 2d day of July, 1925, together with its costs and disbursements.

Judgment is hereby directed accordingly.