WEST VIRGINIA PULP AND PAPER COMPANY, Plaintiff, *v.* PEOPLES HOME JOURNAL, INC., a New Jersey Corporation, Respondent. In the Matter of the Application of MITCHELL ADVERTISING AGENCY, INC., Appellant, to Compel the Receiver of the Defendant to Turn over to the Claimant Certain Sums of Money.

First Department, November 6, 1931.

*J. Stockwell Painton,* for the appellant.

*Thomas J. Maginnis* of counsel [*Maginnis & Maginnis,* attorneys], for the respondent.

MARTIN, J. The Peoples Home Journal, Inc., a New Jersey corporation, was, on December 11, 1929, doing business in New York as a foreign corporation. On that day a permanent receiver of all the assets and property of the company was appointed by the Court of Chancery of the State of New Jersey. Subsequently, and on or about December 23, 1929, upon the application of the plaintiff herein, and upon the affidavit of the equity receiver in New Jersey, an ancillary receiver was appointed of all the property and assets of the corporation within the State of New York.

Prior to the appointment of the ancillary receiver, and on or about December 12, 1929, in an action brought in the City Court of the City of New York, by the Mitchell Advertising Agency, Inc., as plaintiff against Peoples Home Journal, Inc., as defendant, a writ of attachment was duly issued to the sheriff of New York county who actually levied upon a deposit standing in the name of the Peoples Home Journal, Inc., in the Irving Trust Company, 470 Broadway, New York city, which is the attachment referred to herein.

The writ of attachment was issued and the levy made prior to the appointment of the ancillary receiver, but the judgment was not obtained until after the appointment of said receiver and the receiver was not substituted as a party defendant. Thereafter, and on July 27, 1930, the ancillary receiver obtained an order of this court restraining the attachment creditor from issuing execution or further proceeding against this fund and requiring the Irving Trust Company to transfer the fund to the ancillary receiver, which was done, and the ancillary receiver ever since has been and

now is in the actual possession of the fund. Since taking possession of this fund the receiver has withdrawn one check in the amount of fifty dollars in payment of the premium on the receiver's bond. No other expenditures have actually been made. The Mitchell Advertising Agency, Inc., on April 27, 1931, moved to vacate the order of June 27, 1930, or in the alternative for an order directing the receiver to pay over to the Mitchell Advertising Agency, Inc., $2,120.65, which was the amount of the original claim and which was in excess of the amount levied upon by the writ of attachment, or directing that the receiver retain out of the estate before any distribution the sum of $2,120.65 for future payment, together with interest. The motion was denied and it is from the order of denial that the present appeal was taken.

The ancillary receiver of the Peoples Home Journal, Inc., in the State of New York does not dispute that an actual levy was made by the Mitchell Advertising Agency, Inc., on the funds in the custody of the Irving Trust Company of New York city by reason of a valid warrant of attachment issued to the sheriff of New York county. It is conceded that the sum attached in the depository was $1,485.17, being the amount to the credit of the Peoples Home Journal, Inc., prior to the receivership.

There is no question but that the claimant-appellant herein acquired its lien upon the funds in the depository immediately upon the levy being made.

In the cases of *Falconer* v. *Freeman* (4 Sandf. Ch. 565), *Beardslee* v. *Ingraham* (183 N. Y. 411) and *Dunlop* v. *Paterson Fire Insurance Co.* (12 Hun, 627; affd., 74 N. Y. 145) the courts held that when a levy is made under a warrant of attachment, a lien is created in favor of the creditor upon the property attached.

In *Dunlop* v. *Paterson Fire Insurance Co.* (*supra*) the court said: " The effort was merely to secure, by the attachment, whatever rights, reversionary or otherwise, the insurance company had therein. Those rights were property, and we see no sound reason why they should not be attachable at the suit of a creditor. The service of the attachment and notice thereof upon the clerk was not a contempt of the City Court, as an attempt to take the money from the clerk might be, but it was analogous to an attachment upon moneys in the hands of any other depositary who has a lien or claim which entitles him to keep the possession as against the owner and the attaching creditor. In all such cases the levy of the attachment is good to the extent of the real interest of the creditor as it then exists or may subsequently be ascertained.

" When the receiver was subsequently appointed in this State the title or interest which he took was and is subject to the prior

lien acquired by the attaching creditor. We see no reason, therefore, for setting aside the levy of the attachment."

In *Falconer* v. *Freeman* (*supra*) the court said: "And I can perceive no reason in principle, why this court should not interfere, to aid the enforcement of the lien under the attachment, for the benefit of all the creditors without preference; as it constantly does to aid the execution creditor in maintaining his priority over all others. Nor are the attaching creditors bound to indemnify the sheriff, in the instance of goods and chattels, instead of resorting to a court of equity; any more than the plaintiff is bound to give such indemnity when a false claim is interposed to defeat his execution."

Under the circumstances here disclosed a valid lien once acquired by an attaching creditor cannot be set aside and the creditor deprived of its rights in the property upon which the lien attaches.

We are of the opinion that the court erred in directing the payment of the fund in question to the receiver; that it had no authority to make such an order, as the order deprived or attempted to deprive the claimant-appellant of the lien to which it was rightfully entitled.

In *Matter of Muehlfeld & Haynes Piano Co.* (12 App. Div. 492) the court said: "When it appeared that a valid levy had been made by the sheriff before the order appointing the receiver had been entered, there was no reason why the lien acquired by that levy should be postponed to the title of the receiver. The order of the court, therefore, which deprived Looschen of the lien which he had acquired, was not a proper one and should not have been made."

Although the court was informed of the fact that there was an attachment outstanding against this fund, the justice who appointed the receiver directed the payment of the fund to that receiver and later refused to set aside the order. The motion to set aside that order was made before the same justice.

The order directing that the property should be placed in the custody of the receiver should have been set aside and an order made directing that it be paid to the attaching creditor.

The order should, therefore, be reversed, with ten dollars costs and disbursements, and the motion to vacate granted, with ten dollars costs.

FINCH, P. J., McAvoy, O'MALLEY and TOWNLEY, JJ., concur.

Order reversed, with ten dollars costs and disbursements, and motion to vacate granted, with ten dollars costs.