## LAUGHARN v. ZIMMELMAN et al.

### In re FLEURIDAS–VAUGES CO.

### No. 401–J.

District Court, S. D. California,
Central Division.

June 27, 1939.

A. S. Gold, Bates S. Himes, and Daniel Friedman, all of Los Angeles, Cal., for plaintiff.

Novick & Briskin and Samuel Reisman, all of Los Angeles, Cal., for defendants.

JAMES, District Judge.

Plaintiff, as trustee in bankruptcy, brought this action to recover certain jewelry or its value, which is stated to be $6,000. It is alleged that the voluntary bankrupt was at the time of the commencement of the bankruptcy proceeding conducting a retail jewelry store in the City of Los Angeles; that it was indebted to numerous creditors, in approximately the sum of $16,000 of goods, wares and merchandise; said creditors being named in the schedules filed by the bankrupt. It is then alleged that about the 13th day of January, 1939, which was about one month prior to the filing of the voluntary petition, the bankrupt sold and delivered to the defendants a substantial part of his stock in trade "in said retail jewelry business."

An itemized list of the jewelry is then set forth. It is then alleged that the purchase and sale was not made in the ordinary course of trade and business or in the regular and usual practice and method of business of the vendor, but was made for the purpose of enabling the bankrupt to realize ready cash and to give the defendants an opportunity to make an advantageous purchase at a considerable discount. It is alleged that the total value of the bankrupt's stock in trade at the time of the purchase by defendants of the jewelry was approximately $10,000, "and consisted generally of jewelry to be sold to the retail trade." That the aggregate sale price of the several articles sold to defendants was $1,400. That in return for the $1,400 defendants received $6,000 worth of merchandise, or more than half of bankrupt's stock in trade. It is then alleged that the transaction was void because no notice was given or recorded, as required by the provisions of the Bulk Sales law, set forth in Section 3440 of the Civil Code of the State of California. That section provides that a sale or transfer of a substantial part of a stock in trade "otherwise than in the\ ordinary course of trade and in the regular and usual practice and method of business of the vendor,' * * * will be conclusively presumed to be fraudulent and void as against the existing creditors of the vendor * * * unless at least seven days before the consummation of such sale, transfer, assignment or mortgage, the vendor, transferor, assignor or mortgagor or the intended vendee, transferee, assignee or mortgagee, shall record in the office of the county recorder in the county * * * in which the said stock in trade, fixtures or equipment are situated a notice of said intended sale, * * * stating the name and address of the intended vendor, transferor, assignor or mortgagor, and the name and address of the intended vendee, transferee, assignee or mortgagee, and a general statement of the character of the merchandise or property intended to be sold, assigned, transferred or mortgaged, and the date when and the place where the purchase price or consideration, if any there be, is to be paid."

■ The complaint to my mind states a cause of action in sufficient form and sufficiently discloses the ultimate facts which plaintiff will be required to prove in trial.

■ The defendants have, by motion for bill of particulars and to require plaintiff to make the complaint more certain, specified nine paragraphs of matters, the facts as to which they desire further information. Some of the facts called for undoubtedly are displayed in the files of the bankruptcy proceeding, which are open to public examination in the Clerk's office. Others, in the main, go into matters of evidence which I do not believe are the proper subject of inquiry on motions of this kind. The field embraced within the interrogatory procedure, always open to a defendant, is broad and is liberally indulged. Rule 33, Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c. I find a decision of the Circuit Court of Appeals for the Third Circuit, of date April 24, 1939, Sierocinski v. Du Pont De Nemours & Co., 103 F.2d 843, where the question as to scope of inquiry allowed on a motion for a bill of particulars or to make a complaint more definite and certain, is considered. The court there did not extend the practice beyond what has been the rule under the former procedure. The District Court had required certain particulars to be furnished, and the statement supplied in response not being satisfactory, the judge granted the defendant's motion to strike the amended statement and dismissed the action. The Circuit Court reversed the ruling, and expressed its view of the matter in a paragraph of its opinion, as follows: "But there is a specific averment of negligent manufacture and distribution of the cap in such a fashion as to make it explode when crimped. A plaintiff need not plead evidence. He 'sets forth a claim for relief' when he makes 'a short and plain statement of the claim showing that the pleader is entitled to relief (Rule 8(a)(2).' The same rule, (e)(1), requires that 'each averment of a pleading shall be simple, concise, and direct. No technical forms of pleading or motions are required'; and (f) 'all pleadings shall be so construed as to do substantial justice'. Form 9 in the Appendix of Forms attached to the Rules, 'intended to indicate * * * the simplicity and brevity of statement which the rules contemplate (Rule 84)', contains this concise allegation of negligence: 'defendant negligently drove a motor vehicle against plaintiff who was then crossing said highway'. If defendant needs further

350

information to prepare its defense it can obtain it by interrogatories (Rule 33)."

My conclusion is that the defendants are not entitled on their motion brought under subdivision (e) of Rule 12 to the detailed facts called for, and their motion is denied. This ruling is without prejudice to the serving of any proper interrogatories under Rule 33. The defendants will file their answer within ten days after notice of this ruling.