MAX BUXBAUM and Others, Plaintiffs, *v.* ASSICURAZIONI GENERALI, Defendant.

DANIEL E. FINN, JR., Sheriff of New York County, Respondent.

Supreme Court, Special Term, New York County, February 7, 1941.

*Cabell & Cabell [William D. Cabell* of counsel], for the defendant.

*Jacob A. Segal, Counsel to the Sheriff,* for the respondent.

EDER, J. This is a 'motion to determine the amount of the sheriff's poundage fees payable by defendant upon discharge of an attachment upon furnishing an undertaking and for an order directing the sheriff to refund to the defendant the sum of $555.69, which sum it is claimed represents an excessive poundage charge.

A warrant of attachment was directed to the sheriff to attach $51,046.80, together with interest, costs and disbursements. Pursuant thereto, a levy was made on the Guaranty Trust Company of New York on December 12, 1940. As a result the sheriff received a certificate from said company, dated December 18, 1940, among other things stating that it had a free balance of the defendant in the sum of $4,296.33, upon which the levy of the attachment was impressed. On December 28, 1940, the sheriff received from said Guaranty Trust Company an amended or supplemental certificate stating that the impress of the levy of the attachment was instead on the sum of $55,000.

The defendant claims that after receiving the advice of the sheriff of the levy on said sum of $4,296.33, plaintiffs and defendant immediately entered into successful negotiations by which an undertaking in the sum of $55,000 covering the demand of the complaint was provided by the defendant for the purpose of avoiding additional levies by the sheriff and thereby incurring large poundage fees; that at this point all parties, and apparently the sheriff too, believed and assumed that the sheriff's levy reached property, debts, claims or interests of the defendant, in said sum of $4,296.33 only; that the sheriff's proper poundage fee is, therefore, only assessable in the sum of $123.92, whereas defendant was compelled to pay $688.61, which it paid under protest.

In support of its contention defendant urges that the sheriff having certified the amount of the levy and plaintiffs and defendant having acted in reliance thereon he is concluded thereby and now must be held to be estopped from claiming the larger poundage fee. It is further maintained that if the sheriff believed the said sum of $4,296.33 did not reflect the correct amount and that a larger sum was subject to impress of the levy he gave no notice thereof to any of the parties or to the Guaranty Trust Company and failed to comply with the provisions of section 921 of the Civil Practice Act, requiring that an inventory of the attached property be filed which would have given both plaintiffs and defendant notice of the amount of the property attached and for this reason also is estopped to assert any poundage fees on property at no time shown to have been subjected to the levy and attachment.

I am unable to agree with these contentions.

The doctrine of estoppel is not of unlimited application. Whether or not the doctrine is properly invocable must depend upon the facts and circumstances of each particular case as it arises. It is a maxim in the law of estoppel that where one of two innocent persons must suffer he whose act occasioned the loss must bear it. But the maxim is inapplicable here. The sheriff made a proper levy

under the attachment and its validity is not questioned. The Guaranty Trust Company furnished him with the statutory certificate (Civ. Prac. Act, § 918), upon which he had a right to rely. If an error was made as to the extent of the levy impress it was not due to the act of the sheriff, for he merely reported on the basis of the certificate. If any loss or injury was occasioned by reason of such error it cannot be attributed to him. Hence, this maxim of estoppel is inapplicable.

Moreover, when the levy was made it instantly operated and became effectively impressed upon whatever property in the hands of the Guaranty Trust Company was actually subject to the levy; the mistake made by the company as to the true and actual extent thereof, later rectified, could not and did not change the legal effect of the levy; in the eye of the law the impress thereof was on the true and actual amount subject to impress which was $55,000, and the poundage fees were, therefore, properly assessable on the sum of $51,046.80, plus interest in the sum of $314.78, or poundage on a total of $51,361.58. Whether or not an amended certificate was filed could not render the levy and its impress less effective in its extent. If the sheriff had later discovered the error he would have been entitled to recover the additional poundage. In truth, at the time of levy impress the amount was $55,000 and not the incorrect sum of $4,295.33, and the poundage fees were, therefore, legally assessable upon the larger sum, and the sheriff cannot be deprived thereof by the mistake of the company.

Nor do I think that the fact that no inventory was filed has any significance. The filing of an inventory is not requisite to a valid levy. (*Prahl Construction Corp.* v. *Jeffs*, 126 Misc. 802.) This is conceded. The question which defendant raises is what effect the failure to file such inventory has. Section 921 of the Civil Practice Act, entitled "Inventory," so far as here pertinent, requires the sheriff immediately after levying under a warrant of attachment to make a true inventory of the property subject to attachment and levied upon, stating the estimated value of the interest of the defendant therein and of each article of personal property subject to attachment; the inventory must be signed by the sheriff and by appraisers, if any, and must be filed within five days after the levy. If the only property levied upon be a debt no inventory is required.

The purpose of an inventory is protection to all parties, including the sheriff. The levy cannot be of unlimited scope; it must be to the extent " as will satisfy the plaintiff's demand, with the costs and expenses." (Civ. Prac. Act, § 912.) Disputes may arise as to the value of the property attached and levied upon

and whether it is sufficient to satisfy the plaintiff's demand, with the costs and expenses; it is important then that the property be appraised and inventoried; if too much has been levied upon, or if the appraisal is too low, application may be made to release so much of the attached property as is in excess of the amount required to satisfy the plaintiff's demand, with the costs and expenses; the inventory then furnishes a detailed list as to what particular property has been levied upon, and the value as fixed by the appraisers; it furnishes a standard for determination as to whether enough or too much has been attached; it forms a guide for the attaching officer and for the court; it also constitutes a list of the property to be sold to satisfy the judgment; the inventory is also highly important for the security of the officer against any subsequent claims for damage; and a full inventory made at the time lessens the chances of fraud. Applied to the purposes shown and intended it serves a practical and useful function, and, I believe, such was the intent behind its enactment. Whether utilized upon a levy made on tangibles or intangibles, it answers the same purpose.

But assuming that it was necessary for the sheriff to file an inventory, his omission to do so does not affect the validity of the levy or his right to poundage fees. (*Prahl* case, *supra*.) My research discloses no amerceable imposition upon the sheriff for omission to file an inventory, nor any other penalty.

It is my conclusion, for the reasons given, that the sheriff is entitled to poundage fees in the sum of $688.61, and the motion for a refund is, therefore, denied.