## STEINGUT et al. v. NATIONAL CITY BANK OF NEW YORK.

District Court, S. D. New York.
March 28, 1941.

See, also, D.C., 36 F.Supp. 486.

Natanson, Pack & Scholer, Cravath, De Gersdorff, Swaine & Wood, Joseph Day Lee, Abraham J. Multer, and Samuel L. Scholer, all of New York City, for plaintiffs.

Shearman & Sterling and McClellan & Shrewsbury, all of New York City, for defendant.

BONDY, District Judge.

This action was brought by the receivers of the Russo-Asiatic Bank to recover a deposit of the bank in the defendant bank.

Plaintiffs have moved to strike paragraphs 11 to 15 of the Fifth Defense from the amended answer. These paragraphs allege that before the commencement of the action in, which the plaintiffs were appointed receivers of the Russo-Asiatic Bank, four warrants of attachment were issued out of the Supreme Court of the State of New York and duly levied against the balance to the credit of the Russo-Asiatic Bank in the defendant bank, that all the warrants are now outstanding and unsatisfied, that before November 16, 1933, one Givatowsky brought an action in the Supreme Court of the State of New York,

which is now pending undetermined, to recover part of the same credit balance, and that Givatowsky, the four parties who secured the warrants, and the United States of America (which as assignee has brought suit for the credit balance in the District Court of the United States for the Southern District of New York, answer pars. 5 to 10) are indispensable parties to this action.

If the United States and Givatowsky are not made parties to this action, their rights, if any, against the defendant cannot be affected by the results of this action. Their actions against the defendant involve merely their right to recover an alleged debt arising from a deposit made in the defendant bank by their alleged assignor and not a specific fund. The fact that others make claims or bring actions to recover moneys deposited in a bank does not constitute a defense to an action brought to recover the same even though the bank may be subject to double liability if the various actions are tried seriatim. Petrogradsky M. K. Bank v. National City Bank, 253 N.Y. 23, 38, 170 N.E. 479, 485. To protect itself against Givatowsky the defendant may be able to interplead him in this action. If the defendant cannot make the United States a party to this action without the consent of the United States, whatever difficulty this may occasion will be the defendant's misfortune. "The defendant, if unable to interplead, must respond to the challenge, and defend as best it can." Petrogradsky M. K. Bank v. National City Bank, supra. The defendant, however, may be able to consolidate the action brought against it by the United States and the present action. It follows that neither the United States nor Givatowsky is an indispensable party to this action.

Under the laws of the State of New York, the attachments when levied imposed a lien upon the debt, if any, owed by the defendant to the Russo-Asiatic Bank. See Embree & Collins v. Hanna, 5 Johns., N.Y., 101, 102; Prahl Construction Corporation v. Jeffs, 126 Misc. 802, 804, 215 N.Y.S. 96. Such liens are pleadable as a defense by the debtor against adverse claimants, Embree & Collins v. Hanna, supra; O'Neil v. Nagle, 14 Daly 492; Steingut and Blodgett v. National City Bank,[1] February 17, 1940. It has been specifically held by a New York court that, when a lien had been acquired on a bank deposit by a warrant of attachment, it was error to permit the credit balance to be given to the receiver of the depositor because to do so interfered with the lien. West Virginia Pulp & Paper Co. v. Peoples' Home Journal, Inc., 233 App.Div. 376, 253 N.Y. S. 178.

Full faith and credit must be given to the New York attachment proceedings. See Sanders v. Armour Fertilizer Works, 292 U.S. 190, 54 S.Ct. 677, 78 L.Ed. 1206, 91 A.L.R. 950; Green v. Van Buskirk, 7 Wall. 139, 19 L.Ed. 109; 28 U.S.C.A. § 687. If the plaintiffs were permitted to proceed in this action without joining the four attaching creditors, the warrants would not be given substantially the same force they are given by the courts of New York State, where the depositor is not permitted to recover from the bank until disposition has been made of the attaching creditors' liens.

The attaching creditors are indispensable parties and the attachments may be pleaded as a defense. Chicago, Rock Island R. Co. v. Sturm, 174 U.S. 710, 713, 19 S.Ct. 797, 43 L.Ed. 1144. See Wallace v. McConnell, 13 Pet. 136, 151, 10 L.Ed. 95.

The motion to strike is granted as to paragraph 14, and as to the allegations in paragraph 15 that "United States of America" and "Abraham Givatowsky" are indispensable parties and is otherwise denied.

---

[1] No opinion for publication.