**STEINGUT et al. v. GUARANTY TRUST CO. OF NEW YORK (MILLARD et al., Interveners).**

District Court, S. D. New York.
April 3, 1941.

Natanson, Pack & Scholer, of New York City (Cravath, deGersdorff, Swaine & Wood, Joseph Day Lee, and Samuel L. Scholer, all of New York City, of counsel), for plaintiffs.

Davis, Polk, Wardwell, Gardiner & Reed, of New York City, for defendant.

CONGER, District Judge.

These are three motions: (1) by plaintiffs for a more definite statement of defendant's answer, or for a bill of particulars; (2) by plaintiffs to strike out the seventh defense from defendant's answer; and (3) by defendant to compel answers (under Rule 37, Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c.) upon an examination held pursuant to Rule 26.

The motion for a more definite statement, or a bill of particulars, is denied. The plaintiffs state that the purpose for this request is "in order to prepare for trial, prevent surprise and to limit the issues". The practice now, under Rule 12 (e), F.R.C.P., is to allow a bill of particulars only to ascertain facts in order to make a responsive pleading, and not to prepare for trial. Matters for trial preparation, including the location of evidence and documents, may be obtained under other rules relating to examinations and discovery. Tully v. Howard, D.C., 27 F.Supp. 6; Brinley v. Lewis, D.C., 27 F.Supp. 313; Adams v. Hendel, D.C., 28 F.Supp. 317; Laugharn v. Zimmelman, D.C., 28 F.Supp. 348; Pearson v. Hershey Creamery, D.C., 30 F.Supp. 82; Brockway Glass Co. v. Hartford-Em-

pire Co., D.C., 1 F.R.D. 242; see notes 3 and 4 pp. 146, 147, 1940 Supplement of Moore's Federal Practice, Vol. 1; see, also, same disposition of similar motion in Steingut v. National City Bank, 38 F. Supp. 451, by Judge Bondy of this court, filed March 28, 1941.

■ Plaintiffs' second motion is to strike paragraphs 32 to 35, inclusive, of the answer, constituting the seventh defense thereof, on the ground that a legal defense is not therein stated; or in the alternative striking out paragraph 35 thereof on the ground that the allegations of fact therein stated are immaterial.

The purpose of this defense is that the United States having an interest in the subject matter of the action, by reason of an assignment from the Government of Russia, is an indispensable party; that said United States has not been made a party hereto; that the court has no jurisdiction of the subject matter of the action and has no jurisdiction, power or right to proceed herein.

This precise question has recently been decided by Judge Bondy of this court in an action similar to the one at bar. The motion to strike in that case presented the same issue as here; a similar defense having been raised. In that case (Steingut v. National City Bank of N. Y., 38 F.Supp. 451) Judge Bondy held that the United States was not an indispensable party, and granted the motion to strike. I agree with the conclusion and finding of Judge Bondy, and I hold the same here.

The fact that the cause of action in the case before Judge Bondy was one at law, and the case at bar is in equity, makes no difference as to this ruling. This equity suit is not to dispose of a definite res, as for instance, in a foreclosure of a mortgage in which all persons having an interest must be joined as parties (see Cunningham v. Macon, etc., R. Co., 109 U.S. 446, 457, 3 S.Ct. 292, 609, 27 L.Ed. 992), but rather to ascertain the amount of a debt. This court has equity jurisdiction herein only to determine a complicated money account, purely in personam and not in rem. The judgment will determine only which party is the debtor and how much is owed, if anything. There will be no disposition of definite property.

The motion to strike is granted only as to paragraph 35. The other paragraphs, 32 to 34 inclusive, do constitute a defense which may be raised at the trial.

■ As to the third motion, the defendant, by its answer, has attacked the title and capacity of plaintiffs to sue as receivers, on the grounds, among others, that in enacting Section 977-b of the Civil Practice Act of New York, the state Legislature violated the due process and equal protection of the laws clauses of the New York Constitution, article 1, §§ 6, 11, as well as the United States Constitution, Amendment 14, § 1, in that the bill was a private and not a general bill, and that the title of the bill did not disclose that fact.

Defendant, in support of this defense, started an examination of one Joseph Day Lee, an attorney associated with Cravath, deGersdorff, Swaine & Wood, attorneys for the intervenor Millard; Samson Selig, attorney for a creditor of Russo-Asiatic Bank; Irwin Steingut, one of the plaintiffs; and Carl Pack, one of the attorneys for the receivers-plaintiffs.

On the examination of Mr. Lee, questions were asked (1) as to the retainer of his firm by the Chinese government, a creditor of the Russo-Asiatic Bank; and (2) as to the part he played in the drafting of the aforesaid bill, and in advocating this legislation before the Legislature.

Mr. Lee declined to answer these questions on the ground of professional privilege as to the first line of questions, and that the inquiry as to the second type of questioning is improper in that the matters sought to be investigated are wholly irrelevant to the question of the constitutionality of Section 977-b of the Civil Practice Act, and that it is not "regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action." Rule 26(b), F.R.C.P.

As to the questions concerning the retaining of Mr. Lee's firm as attorneys for the Chinese government, the defendant states that it is not its purpose to inquire into any private communications, but only to generally ascertain the dates of retainer. It is obvious that such dates are not privileged. It is not a confidential communication from client to lawyer. The questions, as they are worded, are proper, and should be answered.

■ Plaintiffs' contention that the other questions are irrelevant is untenable. The court does not and will not attempt to pass upon the question whether or not the defendant may attack this statute by means other than what appears on the face of the statute, that is, what facts are admissible in

evidence regarding the constitutionality of the statute.

■ The scope of an examination, under the federal practice, is not restricted to matters which are material to the issues, or to testimony which is admissible in evidence, but extends to all matters, not privileged, relevant to the subject matter involved in the action. Lewis v. United Air Lines Transport Corp., D.C., 27 F.Supp. 946; Laverett v. Continental Briar Pipe Co., D.C., 25 F.Supp. 80; Pirnie v. Andrews, D.C., 30 F.Supp. 157; Stevenson v. Melady, D.C., 1 F.R.D. 329; nor is Union Central Life Ins. Co. v. Burger, D.C., 27 F. Supp. 556, contra.

From the pleadings before this court, the constitutionality of this statute is clearly in issue, and therefore the matters sought to be inquired into appear to be relevant to the issue. The questions asked on the examination regarding this issue are proper, and should be answered. The admissibility of this matter in evidence, however, is for the trial court to determine.

The plaintiffs, if they desire to stop the examination, have a remedy, upon a proper showing, under Rule 30(b).

The witness, Joseph Day Lee, is directed to answer the questions, and the motion is granted.

Settle orders on notice.