**MOREL et al. v. HARRY THOENS & CO., Inc., et al.**

District Court, S. D. New York.
Oct. 11, 1945.

Moses M. Cohen, of New York City, for plaintiffs.

Newman & Bisco, of New York City (Allan Rogow, of New York City, of counsel), for defendants.

HULBERT, District Judge.

The motion is to bring in additional parties plaintiff.

The plaintiffs, maintenance employees in defendants' building, 261 Fifth Avenue, New York, N. Y., brought this action, commenced Oct. 28th, 1944, for the recovery of overtime wages, liquidated damages, a reasonable counsel fee, and the costs and

disbursements of this action, under Section 16(b) of the Fair Labor Standards Act, 29 U.S.C.A. § 216(b).

Issue was joined Dec. 4, 1944, and the case has since been on the calendar and the trial was adjourned pending the outcome of Callus v. 10 E. 40th Street Corp., in the U. S. Supreme Court. 65 S.Ct. 1227, motion for rehearing denied, Oct. 8, 1945.

Some 9 other maintenance employees in defendants' said building brought an action Aug. 17, 1942 in the New York Supreme Court for the County of New York for similar relief. A compromise was effected and a final order was entered in said action Oct. 23, 1942, on a stipulation of the parties which provided for the execution and delivery of releases by each of the parties.

The same nine persons now move:

1. That leave be granted to add the names of the persons named in the affidavit of Moses M. Cohen, annexed hereto, as parties plaintiff to the cause of action herein.

2. That such new parties be permitted to serve an amended complaint jointly with the plaintiffs herein setting forth their respective causes of action.

3. That the amended action be permitted to remain on the calendar of this Court under the original issue and that the amended causes be tried as one.

This Court is aware of Gangi v. Schulte, Inc., 2 Cir., 150 F.2d 694; Brooklyn Savings Bank v. O'Neil and Dize V. Maddrix, 65 S.Ct. 895, therein cited and discussed.

The motion is opposed upon two grounds:

1. The causes of action of the proposed plaintiffs date from October 1938. The Statute of Limitations of six years has now run against any portion of said claims which originated prior to October 4, 1939. Presumably, to allow the proposed plaintiffs to be joined as parties plaintiff in this action would give them the same benefit as the present plaintiffs who instituted this action in October, 1944, and

2. This Court must give full faith and credit to the judicial proceedings of the State of New York, Art. IV, Sec. 1, U. S. Constitution.

Proceedings and determinations of State Courts are not subject to collateral attack. See Merrell et al. v. United States, 10 Cir., 140 F.2d 603.

The State Court did have jurisdiction of the parties and subject matter.

The order dated Oct. 22, 1942, provided: "Ordered that the settlement of this action upon the terms and provisions set forth in said stipulation be and the same is hereby approved by this Court."

The order is final, Steingut v. National City Bank of New York, D.C., 38 F.Supp. 451; Goldfarb v. Wright, 2 Cir., 135 F.2d 188; Covey v. American Distilling Co., 7 Cir., 132 F.2d 453, and if erroneous, the forum for its correction is in the State Court.

Motion denied. Settle order.