### JARRARD et al. v. SOUTHEASTERN SHIPBUILDING CORPORATION.

#### No. 12001.

Circuit Court of Appeals, Fifth Circuit.

Nov. 4, 1947.

Joseph M. Smith and Perry Brannen, both of Savannah, Ga., for appellants.

E. Ormonde Hunter, of Sanvannah, Ga., for appellee.

Before HUTCHESON, McCORD, and WALLER, Circuit Judges.

McCORD, Circuit Judge.

Appellants seek to recover liquidated damages pursuant to section 16(b) of the Fair Labor Standards Act of 1938, 29 U.S.C.A. § 216(b). They allege that they were original parties or intervenors in a class action brought in the Superior Court of Chatham County, Georgia; that by agreement of record in that court, and decree thereon, appellee paid to appellants certain amounts alleged to be due them as over-

time compensation under the Act, but the decree failed to award liquidated damages as provided in Section 16(b), and that under the foregoing provision they are entitled to recover such damages here.

Much difficulty was encountered by the parties in ascertaining the amount of compensable overtime, and the employees entitled to pay for same. It was shown that the number of employees who failed to work and who were late each work day was not known, and even the petition failed to give this information. The Georgia court found, from an examination and study of the pleadings and from the statements of witnesses for both the plaintiffs and defendant, that a bona fide dispute of both law and fact was involved in the litigation, and that the proposed settlement agreed upon was fair and equitable to all parties concerned. The Georgia court went further and decreed: "That the defendant is hereby ordered to pay and the plaintiffs and interveners are hereby ordered to accept the following sums in full settlement of all claims and demands of every kind and character whatsoever that the plaintiffs and interveners and each of them have or may claim to have against the defendant arising out of or in any way connected with the Fair Labor Standards Act or this proceeding, from the time of their employment with the Company up to the present date, * * *". This decree, based on the stipulation agreement, was entered as a final judgment in the case.

The defendant entered a plea of res judicata in the court below, on the ground that appellants' rights had been previously adjudicated by the decree of the Chatham County Superior Court. This plea was sustained, and appellants were dismissed as parties plaintiff. This appeal is taken from that action.

■ We are of opinion that the sustaining of defendant's plea of res judicata was correct. It is well settled that a final judgment or decree on the merits in the courts of a state is conclusive in the federal courts, whether the question determined is one of federal, general, or local law. Sperry & Hutchinson Co. v. Blue, 4 Cir., 202 F. 82; United States v. Eisenbeis, 9 Cir., 112 F. 190, 195; Fauntleroy v. Lum, 210 U.S. 230, 28 S.Ct. 641, 52 L.Ed. 1039; City of Boston v. McGovern, 1 Cir., 292 F. 705, 706; Morel v. Harry Thoens & Co., D.C., 63 F. Supp. 188.

■ The plaintiffs had the option to sue either in the state or federal court. They were permitted to choose their forum, and they elected to bring their suit in the state court of Georgia. Adair v. Traco, Division 192 Ga. 59, 14 S.E.2d 466; Mid-Continent Pipe Line Co. v. Hargrave, 10 Cir., 129 F.2d 655, 656. Having made their election they are estopped to deny the validity and finality of the state court decree. Sperry & Hutchinson Co. v. Blue, 4 Cir., 202 F. 82, 84; Fauntleroy v. Lum, 210 U.S. 230, 235, 28 S.Ct. 641, 52 L.Ed. 1039.

■ The cases of D. A. Schulte, Inc. v. Gangi, 328 U.S. 108, 66 S.Ct. 925, 90 L.Ed. 1114, 167 A.L.R. 208, and Brooklyn Savings Bank v. O'Neil, 324 U.S. 697, 65 S.Ct. 895, 89 L.Ed. 1296, relied upon by appellants, are not in conflict with our holding here. They were dealing with settlements between the parties. Here we have a solemn and binding stipulated judgment entered upon disputed issues of both law and fact.

■ Moreover, under Article IV, Section 1, of the Constitution of the United States, the decree of the Georgia court must be given the same full faith and credit to which it would be entitled in the state where rendered. Harding v. Harding, 198 U.S. 317, 318, 25 S.Ct. 679, 49 L.Ed. 1066; United States v. Eisenbeis, 9 Cir., 112 F. 190, 195; Sperry & Hutchinson Co. v. Blue, 4 Cir., 202 F. 82.

We are not permitted to reopen or set aside the final judgment or decree of a state court of competent jurisdiction, and any attempt to reopen or to relitigate the case must be made in the state court where the judgment was rendered.

We find no reversible error in the record and the judgment is therefore

Affirmed.