## LARTER & SONS, Inc. v. DINKLER HOTELS CO., Inc. et al.

### No. 14224.

United States Court of Appeals
Fifth Circuit.

Nov. 15, 1952.

Ogden Doremus and Estes Doremus, Atlanta, Ga., for appellant.

Edward E. Dorsey, James N. Frazer and Hamilton Douglas, Atlanta, Ga., for appellee.

Before BORAH, STRUM and RIVES, Circuit Judges.

RIVES, Circuit Judge.

This appeal is from a judgment dismissing the action. The motion to dismiss was filed by one of the defendants, Dinkler Hotels Company, Inc. So far as the record shows, the other defendant,

Atlanta Baggage & Cab Company, did not enter an appearance. As to that defendant, it is apparent that the dismissal was inadvertent, and that the judgment must be reversed insofar as it is concerned.

Dinkler Hotels Company's motion to dismiss was based upon two grounds: one, the general ground that the complaint fails to state a claim against this defendant upon which relief can be granted; and two, upon the further ground that all matters and issues in the action were *res judicata,* having been finally adjudicated and settled in a prior action in the Civil Court of Fulton County, Georgia, brought by the plaintiff on the same cause of action against the same defendants or their privies.

The general ground of failure to state a claim upon which relief can be granted is not seriously urged. The plaintiff was a jewelry salesman. He was checking out of the hotel, and a hotel porter had given to him the baggage company's claim check for a trunk loaded with jewelry to be transported by the baggage company to the railroad station. While the trunk and jewelry were on the sidewalk adjacent to the hotel awaiting transportation, they were stolen. The complaint fixes their value at $41,376.11. The plaintiff claims that the hotel company was the agent of the baggage company for the purpose of handling its claim checks, and of delivering to it baggage of guests for transportation to railroad stations, and that both defendants were negligent resulting in the loss of the plaintiff's trunk and jewelry.

■ The hotel company insists that the issue of *res judicata* was properly raised by its motion and that the record facts show that the action had been finally adjudicated in the Civil Court of Fulton County, Georgia. With respect to a specific affirmative defense such as *res judicata,* the rule seems to be that if the facts are admitted or are not controverted or are conclusively established so that nothing further can be developed by a trial of the issue, the matter may be disposed of upon a motion to dismiss whether the decision of the District Court be considered as having been arrived at under the provisons of Rule 12(b)(6) or Rule

56(c), F.R.C.P., 28 U.S.C.A. 2 Moore's Federal Practice (2nd Ed.) 1698, 2256, 2257; Chappell v. Goltsman, 5 Cir., 186 F.2d 215, 218.

In response to requests for admission under Rule 36, the plaintiff admitted that there had been a suit in the Civil Court of Fulton County, Georgia, by the same plaintiff against the same two defendants or their privies asserting the same cause of action as asserted in this case, that no appeal had been taken from the order of said State court in the prior case and that the time for appeal had expired. The plaintiff's admission stated "that it took no appeal for the reason that it affirmatively appears from said order that its suit in the Civil Court of Fulton County, was dismissed by plaintiff without prejudice before the entering of said order." A copy of the order of the Civil Court of Fulton County is attached as Appendix A to this opinion. There is vigorously debated between the parties the question of state practice and procedure as to whether that suit was effectively dismissed by the plaintiff so as to deprive the Court of jurisdiction to enter its order, and many state cases are cited in support of the respective contentions of the parties.

■ We do not think that this Court has any authority to pass upon that question of state practice. The State court had the parties before it and invited them to remain while it determined the issues in the case which included the question of that Court's jurisdiction or power to enter any order after the plaintiff's attempt to dismiss the action. The plaintiff retired from the State courtroom at its own peril. Thereafter the court adjudged that it did have jurisdiction to enter the order, and that the plaintiff's petition stood dismissed as of a date prior to its attempted voluntary non-suit. The merits or demerits of the decision of the Civil Court of Fulton County cannot be put in issue here. American Surety Company v. Baldwin, 287 U.S. 156, 166, 53 S.Ct. 98, 77 L.Ed. 231; Baldwin v. Iowa State Traveling Men's Ass'n, 283 U.S. 522, 525, 51 S.Ct. 517, 75 L. Ed. 1244.

In Georgia, "A ruling on a general demurrer to a petition is a judgment on the merits of the case." Darling Stores Corp. v. Beatus, 199 Ga. 215, 33 S.E.2d 701. The final judgment of the State court is conclusive in this court. Jarrard v. Southeastern Shipbuilding Corp., 5 Cir., 163 F.2d 960. The dismissal of the action against Dinkler Hotels Company, Inc. is affirmed; its dismissal against Atlanta Baggage & Cab Company is reversed; the costs of appeal are taxed against the appellant.

Affirmed in part and reversed in part.

### Appendix "A"

"Civil Court of Fulton County.

"Larter & Sons,
vs.      No. 237470.
"Ansley Hotel Operating Company.
"Order.

"On November 26, 1951, this Court entered an order sustaining the defendant Ansley Hotel Operating Company's general demurrer to count two of the plaintiff's petition, without leave to the plaintiff to amend, and sustaining the defendant Ansley Hotel Operating Company's general demurrer to count one of the petition with ten days leave to amend. The order recited that if the plaintiff failed to amend within the stated period, the plaintiff's petition 'shall stand dismissed'. The ten day period allowed was later extended for an additional five days.

"On December 11, 1951, which date was within the period allowed by the Court for amendment, the plaintiff tendered an amendment to his petition which was conditionally allowed and ordered filed by the Court.

"After plaintiff tendered this amendment, defendant Ansley Hotel Operating Company filed defensive pleadings by way of a written motion to dismiss the amendment, objections to the allowance and filing of the amendment, and general demurrers thereto. Defendant took the position in its objections that the amendment failed to meet the requirements of the Court's order of November 26, 1951.

"The motion to dismiss, objections and demurrers, just referred to, were set down for a hearing on February 1, 1952. The case was regularly sent out to this division of the Court. When the case was called for hearing in this division, plaintiff's counsel stated that he then and there dismissed the action and wrote upon the original petition a statement of dismissal. Counsel was invited by the Court to remain during determination by the Court of the issues in the case, but counsel retired from the Courtroom, contending that the action had been dismissed.

"The defendant Ansley Hotel Operating Company then made an oral motion to strike the purported dismissal by plaintiff and to expunge the writing of plaintiff's counsel from the pleadings, and also to expunge any similar entries from the dockets and other records of the Court. The Court then proceeded to hear argument upon the oral motion and upon the written defensive pleadings referred to above. After consideration, the Court concludes that the plaintiff's amendment of December 11, 1951, failed to meet the requirements of the order of November 26, 1951, and, further, that the petition as amended failed to meet the original general demurrer of this defendant. Therefore, since plaintiff undertook to comply with the Court's order of November 26, 1951, and failed to do so, the Court considers that the plaintiff's petition stood dismissed as of December 11, 1951, the order of November 26, 1951 having provided for dismissal upon plaintiff's failure to amend the petition with respect to the rulings in Section 3 of that order. The pleadings being in this state, there was nothing for the plaintiff to dismiss.

"It is, therefore, decreed, ordered and adjudged that the plaintiff's petition stood dismissed as of December 11, 1951; all other and further proceedings by the plaintiff in said case were null and void; the defendant

Ansley Hotel Operating Company's formal motion to dismiss said attempted amendment of the plaintiff is sustained; the defendant Ansley Hotel Operating Company's formal objection to the allowance and filing of the plaintiff's amendment is sustained; the defendant Ansley Hotel Operating Company's motion to expunge from the record all writings and entries on the pleadings, dockets and other records of this Court relative to the plaintiff's attempted dismissal is sustained, and all such writings and entries on the pleadings, dockets and other records of this Court are hereby ordered expunged and physically stricken from the records of this Court.

"The cost of the proceedings are cast on the plaintiff.

"This 12th day of February, 1952.

> Sam F. Lowe, Jr.,
> Judge, Civil Court of
> Fulton County."