parties before the appointment of the receivers, their verdict must be for the defendant.    The court refused these requests, and the defendant excepted.    I think this was error.    The complaint alleged the making of the contract by the corporation, a copy of which was annexed to the complaint.    There was no allegation in the complaint that a contract had been made with the receivers which had been assumed by the corporation.    The only contract alleged in the complaint, therefore, was that made by the defendant corporation, and, if no enforceable contract was made by the defendant corporation upon this complaint, I do not think that the action could be sustained.    Any ratification or agreement made by the receivers could not be the basis of an action for damages for a breach of a contract alleged to have been made, not by the receivers, but by the corporation before the appointment of the receivers; and, in view of the form of the action, I think the defendant was entitled to have the jury instructed that the plaintiff could not recover, unless he proved a binding contract with the corporation.

I think the judgment should be reversed.

(118 App. Div. 143)

FOSTER v. NEW YORK CENT. & H. R. R. CO.

(Supreme Court, Appellate Division, First Department.    March 15, 1907.)

1. EMINENT DOMAIN — RAILROAD'S USE OF STREET — RIGHTS OF ABUTTING OWNER.

Where a railroad company had a prescriptive right to the use of the railroad structure in a street of specified dimensions, and thereafter erected a new viaduct of greater dimensions, the new structure, so far as it embraced the lines of the old, did not constitute a trespass on the rights of an adjoining property owner, who was therefore only entitled to recover the net difference measured in money between the effect on her property of the old and the new structure while in actual use, less the benefits conferred by the latter.

2. LIMITATION OF ACTIONS—PENDENCY OF LEGAL PROCEEDINGS—DISMISSAL—EFFECT.

The commencement of an action against defendant for an injunction and damages, by reason of a viaduct constructed in a street and the operation of trains over the same, which action was voluntarily discontinued, was insufficient to interrupt the statute of limitations, so as to prevent the railroad company from acquiring a prescriptive right to use the viaduct, on the lapse of the statutory period.

3. RAILROADS—OPERATION IN STREET—ACTS OF PUBLIC BOARD.

Where a railroad company was compelled to operate its trains on certain temporary structures in a street during certain reconstruction work conducted by a public board of improvement, which had entire charge of the work, the railroad company was not liable to an adjoining property owner for the acts of the board while the railroad structure was in the board's possession for the purpose of construction.

4. EMINENT DOMAIN—CONSTITUTIONAL LAW—STATUTES — TAKING PROPERTY WITHOUT COMPENSATION.

Laws 1872, p. 1674, c. 702; Laws 1892, p. 694, c. 339; Laws 1894, p. 1149, c. 548; and Laws 1898, p. 1468, c. 613—providing for changes in a railroad viaduct in a street so as to largely increase the size thereof, were not unconstitutional as depriving an adjoining property owner of his property, consisting of easements of light and air, etc., without compensation.

Appeal from Trial Term, New York County.

Action by Morton H. C. Foster against the New York Central & Hudson River Railroad Company. From a judgment in favor of plaintiff in an action tried by the court to recover damages for an alleged trespass on easements appurtenant to plaintiff's premises by reason of the so-called Park avenue viaduct in the city of New York, defendant appeals. Reversed, and new trial ordered.

Argued before PATTERSON, P. J., and INGRAHAM, McLAUGHLIN, and CLARKE, JJ.

Ira A. Place (Alexander S. Lyman, of counsel), for appellant.
Bushby & Berkeley (James C. Bushby, of counsel), for respondent.

CLARKE, J. This action was commenced April 30, 1900, to recover damages for diminution of rental value alleged to have been caused by a trespass upon the easements appurtenant to plaintiff's premises, situated at the southeast corner of Park avenue and 108th street, by reason of various railroad structures erected at different times in front of said property. The premises are known as No. 1475 Park avenue. The lot has a frontage of 50 feet on the avenue of the uniform width of 25' 6". The building is four story brick, with two stores on the ground floor, and two apartments of four rooms each on the upper floors.

The history of Park avenue and the occupation of a portion thereof by railroad structures has been stated so often in recent cases in this court, and in the Court of Appeals, as not to require repetition here. Pursuant to chapter 702, p. 1674, of the Laws of 1872, the railroad viaduct structure of the New York & Harlem Railroad Company opposite the plaintiff's premises was increased in width so as to be about 59 feet wide at the bottom, and was modified so that the base of rail was 24' 2¾" above the grade of Park avenue at the south line of plaintiff's premises, and 23' 11¼" at the north line of plaintiff's premises, and four tracks were laid thereon; said structure being surmounted by parapet walls about 3 feet above the base of rail, upon which structure trains were continuously operated from the date of completion of said structure, in or about the year 1875, down to September, 1894. Pursuant to the provisions of chapter 339, p. 694, of the Laws of 1892, as amended by chapter 548, p. 1149, of the Laws of 1894, the board of Park avenue improvement above 106th street, appointed pursuant to said first-mentioned act, by its contractors erected along the easterly and westerly roadways of Park avenue, between the respective curb lines and the permanent viaduct structure, wooden trestles, each of which supported two tracks, and, pursuant to the direction of said board, trains were operated on said temporary trestles from September, 1894, to February, 1897. During said period the roadbed of the stone embankment in front of plaintiff's premises was increased in height by said board, so that the base of rail was about five feet higher after the improvement than it was prior thereto, although the parapet walls of the former stone structure were not changed nor added to.

It was decided, in Lewis v. New York & Harlem Railroad Co., 162 N. Y. 202, 56 N. E. 540, plaintiff's property in that case being situated between 114th and 115th streets, that, while the defendants had acquired no right by adverse possession as against the city, they had acquired certain rights by prescription as against the abutting owner. That the old structure had stood in the street so long that the railroads had acquired a prescriptive right to have it stand there forever so far as the plaintiff was concerned. That she could claim no damages on account of the old structure so long as it stood there. That she could claim no damages for a new structure which was erected in the same place and for the same purpose, which inflicted no more injury upon her property than the old. That, had the new structure been no higher than the old in front of her property, none of her rights would have been invaded, and she would have been entitled to no relief; but that she had the right to recover the net difference measured in money between the effect upon her property of the old and the new structure while in actual use, less the benefits conferred by the latter.

In the case at bar, the action having been begun on April 30, 1900, plaintiff has been allowed to recover from September, 1894—that is, for six years prior to the commencement of the action—damages for the injury caused to his premises by the existence of the stone viaduct in front of said premises, upon the theory that the whole structure, as erected pursuant to the authority of the act of 1872, constituted a trespass upon his easements. The plaintiff claims that as to him the defendants had acquired no prescriptive rights. This claim, which has been supported by the trial court, is based upon the fact that in 1892 he commenced an action against this defendant and the New York & Harlem Railroad Company for an injunction and damages by reason of said structure erected and operated by trains under chapter 702, p. 1674, of the Laws of 1872. The claim is that, as prescription rests upon the presumption of a lost deed after adverse use and enjoyment for 20 years, this presumption as to a lost deed may be rebutted, and that, so far as the plaintiff is concerned, it was rebutted by the bringing of the action referred to. But the said action was discontinued on the 27th day of February, 1900, prior to the commencement of the action at bar. "By the discontinuance of an action further proceedings in the action are arrested not only, but what has been done therein is also annulled, so that the action is as if it never had been." Loeb v. Willis, 100 N. Y. 231, 3 N. E. 177.

This precise question was before Mr. Justice Russell in this Park avenue viaduct litigation, in Campbell v. New York & Harlem R. R. Co., 35 Misc. Rep. 497, 71 N. Y. Supp. 1105, who said:

"I cannot hold that the abandoned suit of 1891 is such a disturbance of that user as to justify the claim that the use was broken. The discontinuance is as forceful as the commencement of the action. It was an admission that that action was not maintainable, and such inference cannot be rebutted by the commencement of a later action."

It has been many times held that the beginning of a suit which is subsequently discontinued does not interrupt the running of the statute of limitations, and, in all the cases dealing with prescriptive rights, based upon the presumption of a lost deed, the period of time of ad-

verse user has been put at 20 years, which has been adopted by the courts as the prescriptive period from analogy to the statute of limitations. Lewis v. N. Y. & Harlem R. R. Co., supra, and cases therein cited.

It seems to me that the claim, the assertion of which was evidenced by the beginning of the suit of 1892, was abandoned and rendered of no effect by the voluntary discontinuance, and therefore constituted no interruption of the running of the prescriptive period. If the court had not held that the plaintiff was entitled to recover for the whole structure, as erected pursuant to the act of 1872, it might well have followed that it would have held that the slight addition of about five feet in the height of the base of rail, without any elevation of the parapet, and without any widening of the structure, would have caused no material injury to the plaintiff's premises. It must be borne in mind that, under the rule as laid down in the Lewis Case, which case is now a leading and controlling authority, by reason of the decision in the Muhlker Case, 197 U. S. 544, 25 Sup. Ct. 522, 49 L. Ed. 872, the plaintiff has the right to recover the net differences measured in money between the effect of the new and the old structure while in actual use, less the benefits conferred by the latter, and also for the damages inflicted by the temporary work during the period of user. The defendant is not liable, however, for the acts of the board of Park avenue improvement, while either structure was in its possession for purposes of construction. It follows, therefore, that the judgment in the case at bar, based upon structures and during periods for which the defendant was not liable, cannot be sustained.

As the case must go back for a new trial, it becomes necessary to allude to certain exceptions to the exclusion of evidence offered by the defendant. The court excluded chapter 702, p. 1674, of the Laws of 1872, chapter 339 of the Laws of 1892, chapter 548 of the Laws of 1894, chapter 613, p. 1468, of the Laws of 1898, the plans and profile of the structure provided to be built by chapter 702, p. 1674, of the Laws of 1872, the plans of the work required to be done by chapter 339 of the Laws of 1892, and certain contracts between the Park avenue board and the contractors for work to be done under said plans and in pursuance of said laws—in other words, the legislative requirement for the changes in the structure theretofore existing and the plans and acts done thereunder—the ground for the exclusion being that said acts were unconstitutional. The acts were not unconstitutional, and never have been so held. The Supreme Court of the United States, referring to the previous decisions of the courts of this state in the elevated railroad litigations, commencing with the Storey Case, said, in the Muhlker Case, supra:

"When the plaintiff acquired his title, those cases were the law of New York, and assured to him that his easements of light and air were secured by contract as expressed in that case, and could not be taken from him without payment of compensation."

This was not a holding that the acts requiring the change in the viaduct structure were unconstitutional; but, in the absence of any provision in said acts as to the payment of due compensation for any

easement to be taken thereby, the Supreme Court read into the acts the constitutional provision, affecting all legislation, that private property could not be taken for public use without due compensation. It was error, therefore, to exclude the evidence offered.

The judgment appealed from should be reversed, and a new trial ordered, with costs to abide the event. All concur.