McNEIL v. COLUMBIA ENGINEERING WORKS, Inc.

(Supreme Court, Appellate Term. June 21, 1912.)

CORPORATIONS (§ 308*)—OFFICERS—COMPENSATION.

Where an order setting aside the election of directors of a corporation and invalidating the appointment of officers by them was thereafter set aside pursuant to a stipulation, the order setting aside the former order annulled all the proceedings previously had in the action; and plaintiff, who was the former secretary and treasurer of the corporation, was not entitled to recover salary as a hold-over officer until the vacation of such proceedings.

[Ed. Note.—For other cases, see Corporations, Cent. Dig. §§ 1334–1349; Dec. Dig. § 308.*]

Appeal from Municipal Court, Borough of Manhattan, First District.

Action by John R. McNeil against Columbia Engineering Works, Incorporated. Judgment for plaintiff, and defendant appeals. Reversed, and new trial granted.

Argued June term, 1912, before SEABURY, LEHMAN, and BIJUR, JJ.

Bostwick & Thoms, of New York City (George Thoms, of New York City, of counsel), for appellant.

Francis C. Schwab, of New York City, for respondent.

BIJUR, J. Plaintiff recovered salary due him as a "hold-over" secretary and treasurer after April 20, 1911. On that day a board of directors of the company had been elected, and had appointed two persons as secretary and treasurer, respectively. Plaintiff claimed, however, that he was the only lawful secretary and treasurer, because, on May 26, 1911, an order of court was duly entered setting aside the election of these directors, and consequently invalidating the appointment of the other officers. Subsequently, however, the controversy was adjusted, and pursuant to a stipulation signed by all the parties, including plaintiff respondent, on July 29, 1911, an order was made in said proceeding setting aside the order of May 26, 1911. The result of this order, under the decisions, was to annul all the proceedings previously had, as though no action had been brought. Foster v. N. Y., etc., R. R. Co., 118 App. Div. 143, 103 N. Y. Supp. 531, and cases there cited. So far, therefore, as the present record recites the

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

facts, the plaintiff was, after April 20, 1911, no longer an officer of the defendant, because his successor had been duly appointed by a board of directors which in turn was itself duly elected.

Judgment reversed, and new trial granted, with costs to appellant to abide the event. All concur.