**BUNGER v. U. S. BLIND STITCH MACH. CORPORATION.**

United States District Court
S. D. New York.

Sept. 14, 1948.

Joseph H. Wackerman, of Brooklyn, N. Y., for plaintiff.

Henry H. Salzberg, of New York City (Henry H. Salzberg and Milton A. Horowitz, both of New York City, of counsel), for defendant.

MEDINA, District Judge.

■ The motion for partial summary judgment may be denied only if the action in the Eastern District tolled the Statute of Limitations. In the absence of statute the voluntary dismissal or discontinuance of a suit leaves the situation as if the suit had never been filed. Maryland Casualty Co. v. Latham, 5 Cir., 1930, 41 F.2d 312, 313; Foster v. New York Central & Hudson River R. R. 1st Dept. 1907, 118 App. Div. 143, 146, 103 N.Y.S. 531. Such is also the plain import of New York Civil Practice Act § 23.

■ The voluntary dismissal here was in strict accordance with the provisions of Rule 41 of the Federal Rules of Civil Procedure, 28 U.S.C.A. It was in no sense conditional or subject to any agreement; and the conversation between counsel resulted in no more than a hope and expectation that further marshal's fees might be saved by the service and filing of a notice of appearance in this action. The cases relied on by plaintiff accordingly have no application. The motion for reargument pending before Judge Rayfiel at the time of the voluntary dismissal might have been decided either way. Had counsel awaited a decision by Judge Rayfiel, and had Judge Rayfiel dismissed the first action for improper venue, a different situation would have been presented.

The motion is granted.

Settle order on notice.