MATTER OF T——

In DEPORTATION Proceedings

A–11407466

*Decided by Board January 15, 1959*

**Evidence—Alienage—Effect to be given dismissal of section 503 action in subsequent deportation proceedings.**

Special inquiry officer was not justified in refusing to receive evidence on issue of alienage from respondent admitted temporarily with certificate of identity to prosecute action under section 503 of Nationality Act of 1940 whose suit was dismissed by court without entry of final order determining citizenship.

CHARGE:

Order: Act of 1952—Section 241(a)(2) [8 U.S.C. 1251(a)(2)]—Remained longer.

BEFORE THE BOARD

Discussion: This is an appeal from the order of the special inquiry officer requiring respondent's deportation on the ground stated above.

The respondent, a 32-year-old male, native of China, was admitted to the United States on February 25, 1952, upon the presentation of a certificate of identity issued under section 503 of the Nationality Act of 1940 (8 U.S.C. 903). This law provided for the admission of a claimant to United States nationality who had filed a judicial action for declaration that he is a national of the United States. The respondent had filed such an action in the United States District Court at San Francisco, California. Trial of the case was postponed while the State Department conducted an investigation abroad. The action was dismissed by the court on May 9, 1958, pursuant to a stipulation between counsel for the respondent and the United States attorney. The Service then informed the respondent that he was required to depart from the United States by July 7, 1958. Respondent remained beyond the period authorized and these proceedings were brought. At the deportation hearing, the Service established the fact that the respondent had entered the United States on a certificate of identity, and that the judicial action had been dismissed without a declaration

by the court that respondent is a national of the United States. The Service then rested. The respondent attempted to introduce evidence that he was a citizen of the United States. The special inquiry officer refused to receive this evidence. He held that by statute the jurisdiction to determine the nationality of a holder of a certificate issued under section 503 is in the court and that until the respondent obtained a court ruling to the effect that he is a national, the special inquiry officer was required to find him to be an alien.

It appears that counsel entered into the stipulation for the withdrawal of the case because he had been shown evidence which established that the respondent was not the son of the man he claimed to be the son of. However, counsel is of the belief that the respondent is a citizen through the person who is his father and counsel wishes to present evidence on this issue.[1] The question for determination is whether respondent should have been permitted to present evidence on his own behalf on the issue of nationality.

The Service representative asks that the decision of the special inquiry officer be sustained since he finds it to be the congressional intent that an individual admitted under section 503 was to receive only a judicial trial of his claim to citizenship. He points out that the regulations interpreting the act, and the certificate of identity bearing respondent's signature, indicate that the holder of the certificate would depart from the United States unless he obtained a favorable decision by the court finding him to be a citizen of the United States. The Service representative states that the issue is of importance not only to the case before us but because it will serve as a precedent in other cases which are pending in district courts. He states that a decision permitting the introduction of evidence as to citizenship will place a great burden upon the Service and will permit the individuals who have been in the United States for periods of time to prolong their residences since they can again resort to court action to test the administrative decision in deportation proceedings if it is adverse to them.

Section 503 of the Nationality Act of 1940 provides in pertinent part as follows:

If any person who claims a right or privilege as a national of the United States is denied such right or privilege by any Department or agency, or executive official thereof, upon the ground that he is not a national of the United States, such person, regardless of whether he is within the United States or abroad, may institute an action against the head of such Depart-

---

[1] At the hearing counsel contended that he had been requested by the government to enter into a stipulation for dismissal of the court action so that the Service could reexamine the issue. The examining officer has submitted a brief pointing out that the United States attorney who handled the matter has denied the allegation.

ment or agency in the District Court of the United States for the District of Columbia or in the district court of the United States for the district in which such person claims a permanent residence for a judgment declaring him to be a national of the United States. If such person is outside the United States and shall have instituted such an action in court. he may, upon submission of a sworn application showing that the claim of nationality presented in such action is made in good faith and has a substantial basis, obtain from a diplomatic or consular officer of the United States in the foreign country in which he is residing a certificate of identity stating that his nationality status is pending before the court, and may be admitted to the United States with such certificate upon the condition that he shall be subject to deportation in case it shall be decided by the court that he is not a national of the United States. * * *

The pertinent regulations in effect at the time of the respondent's arrival were as follows:

8 CFR § 112.2 *Entry upon certificate of identity; conditions.* The holder of such a certificate of identity shall be regarded as an alien until otherwise finally held by the court in the action for a judgment declaring him to be a national of the United States. He may be admitted to the United States as a temporary visitor for business on the condition, including, when deemed necessary, the giving of a bond with sufficient surety, that he shall depart from the United States if it is discovered that he has obtained admission by fraud or other illegality or if the final action in court to determine his nationality is not to the effect that he is a national of the United States. * * * The conditions shall be such as may be deemed necessary to safeguard the public and to require periodic reports by the person of his whereabouts to the immigration authorities of the United States, so that departure or deportation therefrom may be effected in the event it is discovered that he obtained admission by fraud or other illegality or if the final outcome of his action in court to determine his nationality is not to the effect that he is a national of the United States and if he then fails to depart without delay from the United States in accordance with directions from the immigration authorities. * * * A person admitted on a certificate of identity shall be informed at the time of admission that, until he departs from the United States or there is a decision of the court that he is a national of the United States, he is required by law to notify the Commissioner of Immigration and Naturalization, Washington, D.C., in writing of his address at the expiration of each three months' period of residence in the United States. Also, at the time of such admission, a report of the name of such person and the date and port of his admission shall be made by the immigration office at once to the United States attorney for the judicial district in which the action by the person is pending for a judgment declaring that he is a national of the United States. If the final decision in such action in court be that he is a national of the United States, a record to that effect shall be made by the immigration authorities at the port of admission.

8 CFR § 112.4 *When deportation proceedings shall be instituted.* Steps for the institution of deportation proceedings against a person admitted on the basis of a certificate of identity shall be taken by the Immigration and Naturalization Service in accordance with the applicable sections of Part 150 of this chapter if found to have obtained admission to the United States unlawfully or if he fails to comply with the conditions under which admitted to the United States.

These regulations are not applicable at this time. They are included in this discussion for the light they may shed upon the construction to be given the statute. There are no Service regulations now specifically referring to admission or deportation of "persons holding a certificate of identity under section 503." The State Department does have regulations concerning the issuance of a certificate of identity (22 CFR 50.45).

The law and regulations contemplate a situation where the court has declared either the claimant is a citizen or that he is not. It does not appear to contemplate a situation where the court took action other than upon the merits. Here, by reason of a stipulation entered into by the parties who appeared in the action, there was a voluntary dismissal. This left the situation as if suit had never been filed (*Bunger* v. *United States Blind Stitch Mach. Corp.*, 8 F.R.D. 362, D.C. N.Y. (1948)). Deportation is sought not under section 503, but under section 241(a)(2) of the Immigration and Nationality Act. What is presented to us is the case of one who was admitted as a temporary visitor for business and who has remained beyond the period for which he was authorized to enter. Unless somewhere there is a clear statement to the contrary, as is found in 8 CFR 214.2(c) relating to transit aliens, the procedure normally followed must control. In such procedure, alienage is a jurisdictional fact and the special inquiry officer has authority to make a determination of deportability only after the person placed under proceedings has had a reasonable opportunity to present evidence in his own behalf. Moreover, the decision must be based upon evidence which is reasonable, substantial, and probative (section 242(b), Immigration and Nationality Act, 8 U.S.C. 1252(b); 8 CFR 242). As a matter of fact, the procedure here was instituted under such a theory. The order to show cause bearing the allegation that respondent is not a citizen or national of the United States also states that if the allegations are not admitted, the individual "will be given reasonable opportunity to present evidence" on his own behalf.

The special inquiry officer's ruling that respondent is deprived of the right to contest the issue of alienage is apparently based on the belief that a conclusive presumption of alienage exists. The special inquiry officer relies upon the language of section 503 and the regulations promulgated thereunder. However, this proceeding is not brought under section 503, and in any event, neither the statute nor the regulations state that a conclusive presumption of alienage exists in deportation proceedings concerning an individual admitted with a certificate of identity. The statute and regulations merely state that the holder of the certificate shall be admitted upon condition that he shall be subject to deportation in a case where the

court decides that he is not a national of the United States. This may be no more than a warning to the individual that he will not be permitted to remain in the United States if his application is rejected by the court; that he receives no right as the holder of the certificate except the right to prosecute an action; and that while he is in the United States, he is to be considered an alien and is not to exercise the rights of a citizen until decision is made in his favor. The old regulations which we have set forth state that if the holder of the certificate fails to depart from the United States, steps to effect his removal were to be taken under 8 CFR 150 which then provided for the deportation of aliens against whom a *prima facie* case of deportability has been made. The procedure then used is similar to the procedure followed at present in that alienage was a jurisdictional matter and the presentation of "all available evidence" concerning alienage and other matters was required (8 CFR 151). The old regulations contain no express statement concerning a conclusive presumption of alienage.

Deportation proceedings here do not differ from any proceeding brought under section 241(a)(2) of the Immigration and Nationality Act. Evidence by the respondent on the issue of alienage should be permitted so that he can refute the *prima facie* case of alienage which exists. The burden of establishing alienage still rests upon the Service.

In passing, we note that the Service itself apparently has recognized as citizens holders of certificates of identity who have not been declared nationals by judicial action. It cannot with consistency take the position that it is not estopped from administratively weighing the merits of a case which it believes will establish citizenship, but that it is estopped from considering the merits of a case in which in some manner unstated it has formed the opinion that the holder of a certificate is an alien.

Proceedings will be ordered reopened in accordance with the foregoing.

**Order:** It is ordered that the proceedings be reopened in accordance with the foregoing and for such further action as the special inquiry officer may deem appropriate.