Sidney E. **HUDDLESTON**, Sr., Appellant,

v.

**OHIO RIVER COMPANY.**

No. 14527.

United States Court of Appeals Third Circuit.

Argued Jan. 10, 1964.

Decided Feb. 28, 1964.

Rehearing Denied April 2, 1964.

Hymen Schlesinger, Pittsburgh, Pa., for appellant.

James R. Orr, Pittsburgh, Pa., (John H. White, Reed, Smith, Shaw & McClay, Pittsburgh, Pa., on the brief), for appellee.

Before STALEY, HASTIE and SMITH, Circuit Judges.

HASTIE, Circuit Judge.

This litigation began in the District Court for the Western District of Pennsylvania as a civil action for maritime personal injury, coupling a Jones Act damage claim with a claim for maintenance and cure. The plaintiff complained that he had suffered a shipboard injury while working as a mate on the defendant's vessel. One of the defenses asserted in the answer was that the identical controversy had been the subject of an action between the same parties in the Superior Court of Cook County, Illinois, and that, after the parties had settled the claim for $17,500, the Illinois court entered a final order dismissing the suit with prejudice. The plaintiff then amended his complaint to add a claim for relief from the Illinois judgment on the ground that it had been obtained by fraudulently overreaching him and, therefore, should be deemed ineffective.

The case was tried to a jury. After both sides had rested, the court directed a verdict for the defendant on two independent grounds, ruling both that "the plaintiff has failed to prove either fraud or financial coercion, and that the judgment of dismissal in the Superior Court of Cook County, Illinois, is binding on this court, and cannot be collaterally attacked". This appeal followed.

 It is not and cannot properly be contended that the Illinois judgment, dismissing the original action with prejudice, is void. See Restatement, Judgments, § 4. Therefore, unless and until some equitable attack upon it shall succeed, that judgment remains fully effective. Its principal effect is to extinguish the original cause of action and to bar any subsequent action upon it. Restatement, Judgments, §§ 48, 53(c). Recognizing this effect, federal courts respect the bar of a state judgment for the defendant against relitigating the same claim in federal court, even though the action might have been maintained originally in a federal court. Lyle v. Bangor & Aroostook R. R., 1st Cir.1956,

237 F.2d 683; Jarrard v. Southeastern Shipbuilding Corp., 5th Cir.1947, 163 F. 2d 960. Thus, we conclude that the right to redress for maritime injury claimed by the appellant was non-existent, though it could possibly be revived by judicial action invalidating the extinguishing Illinois judgment.

To avoid this bar, the plaintiff amended his complaint to ask for equitable relief from the Illinois judgment, charging that it was the product of fraud and duress. But that claim, which is the gravamen of the amended complaint, is not one arising out of maritime law or out of any federal statute. It is an attempted invocation of general equitable power to entertain an independent action to invalidate a judgment of another court on the ground of fraud. See 7 Moore, Federal Practice, § 60.36.[1] Therefore, we must inquire upon what basis there is federal jurisdiction to entertain such a suit here.

If diversity of citizenship were shown, jurisdiction to entertain an equitable collateral attack upon a state judgment might be predicated upon that circumstance, as was done in Griffith v. Bank of New York, 2d Cir.1945, 147 F.2d 899, 160 A.L.R. 1340. But it is pleaded and admitted that the plaintiff is a citizen of West Virginia. And in both its answer and its pretrial narrative statement the defendant has asserted that it "is a corporation organized under the laws of the State of West Virginia". The plaintiff offered no proof to the contrary. Thus, diversity jurisdiction is not established on this record.

No other basis of federal jurisdiction appears or is claimed. We conclude, therefore, that the district court had no power to entertain the attempted equitable attack upon the Illinois judgment. See 7 Moore, Federal Practice, 645.

In this view of the case, the court below could not properly reach the merits of the fraud claim, much less the previously adjudicated and extinguished maritime claim. Therefore, its judgment must be modified to accomplish a dismissal for lack of jurisdiction.

The judgment for the defendant on the merits will be vacated and the cause remanded for entry of a judgment dismissing the action for want of jurisdiction.

1. The definition and the permissible area of "collateral" attack upon judgments of another court are debatable matters upon which we find it unnecessary to make any decision in this case. See Moore and Rogers, Federal Relief from Civil Judgments, 55 Yale L.J. 623; Note, 1957, 66 Yale L.J. 526.