**Edward H. BRADSHAW, Appellant,**

v.

**ISLAND CREEK COAL COMPANY, Appellee.**

**No. 12135.**

United States Court of Appeals Fourth Circuit.

Argued May 7, 1968.

Decided June 17, 1968.

Hymen Schlesinger, Pittsburgh, Pa. (James F. Barrett, Huntington, W. Va., on brief), for appellant.

Norman K. Fenstermaker, Huntington, W. Va. (Jenkins, Schaub & Fenstermaker, Huntington, W. Va., on brief), for appellee.

Before HAYNSWORTH, Chief Judge, and SOBELOFF and WINTER, Circuit Judges.

PER CURIAM:

This proceeding in admiralty was commenced for the recovery of damages for injuries sustained by the seaman-plaintiff while working aboard one of the defendant's boats. Earlier, the seaman's claim had been settled and the settlement approved by a state court in West Virginia, which entered a judgment in favor of the seaman in accordance with the agreed terms. The seaman now attempts to avoid the effect of the state court judgment by alleging a failure of consideration. He alleges that as a part of the settlement of his claim the employer agreed to give him a "lifetime" job. He was reemployed after the accident and remained in the employ of the employer until the employer sold its assets and went out of business.*

The District Court entered summary judgment for the defendant on the basis that the state court judgment was res judicata. We think the action should have been dismissed for want of jurisdiction.

Under precisely the same circumstances, the Third Circuit held in Huddleston v. Ohio River Co., 3 Cir., 328 F.2d 789, that entry of the state court judgment extinguished the maritime claim, and that the subsequent action was essentially an equitable action collaterally attacking the state court judgment. It was held that there was no federal jurisdiction of such a claim in the absence of diversity of citizenship. There is no diversity of citizenship here and, in agreement with the Third Circuit, we conclude there is no federal jurisdiction to entertain an equity action to set aside the state court judgment.

Under the circumstances, we think it appropriate to vacate the judgment below and remand the case with direction to dismiss the complaint for want of jurisdiction.

Vacated and remanded.

---

* The actual employer was the shipping subsidiary of the coal company.