Ray SPEARS, Appellant,

v.

**OHIO RIVER COMPANY.**

No. 16808.

United States Court of Appeals Third Circuit.

Argued Dec. 6, 1968.

Decided Jan. 16, 1969.

---

## OPINION OF THE COURT

### PER CURIAM:

The plaintiff-appellant was injured on December 28, 1954, while employed as a deck hand on a vessel owned and operated by the defendant Ohio River Company. He brought an action against the defendant in the United States District Court for the Northern District of Illinois, Eastern Division, for damages under the Jones Act, 46 U.S.C.A. § 688, and for maintenance and cure under maritime law. The damage claim was tried to a jury which awarded him a verdict of $4,000 on June 27, 1956. Before his claim for maintenance and cure was disposed of by the District Court, to which it was tried, he settled both his damage and maintenance and cure actions against defendant on July 24, 1956 for $5,700, and on its payment, executed a release in favor of defendant from all claims for damages and maintenance and cure, past, present and future. The release was approved by plaintiff's then attorneys and the Illinois District Court, pursuant to the stipulation of the parties, entered an Order on July 25, 1956, dismissing, with prejudice, his complaint for damages and maintenance and cure.

On July 17, 1964, plaintiff filed the instant action in the Western District of Pennsylvania to recover maintenance and cure, under admiralty law, from July 25, 1956 to July 9, 1964, and for consequential damages, under the Jones Act, for defendant's negligent failure to pay such maintenance and cure. His Complaint premised jurisdiction upon diversity of citizenship, and federal maritime law.

One of the defenses asserted in the defendant's Amended Answer was that the claim for maintenance and cure had been the subject of the Illinois District Court action, and that, after it had been settled and released, that court had entered a final order dismissing it with prejudice.

 The District Court dismissed the Complaint for lack of jurisdiction. It found both plaintiff and defendant were citizens of West Virginia when it was filed and, accordingly, diversity

Hymen Schlesinger, Pittsburgh, Pa., for appellant.

Ira R. Hill, Reed, Smith, Shaw & McClay, Pittsburgh, Pa. (Blair S. McMillin, Pittsburgh, Pa., on the brief), for appellee.

Before HASTIE, Chief Judge, and KALODNER and VAN DUSEN, Circuit Judges.

jurisdiction, asserted by the Complaint, was lacking. It also ruled that the lack of diversity jurisdiction rendered it without jurisdiction under Huddleston v. Ohio River Company, 328 F.2d 789 (3 Cir. 1964), to entertain any equitable collateral attack upon the Illinois District Court judgment dismissing with prejudice plaintiff's maintenance and cure claim.

On this appeal, plaintiff contends, in substance, that *Huddleston* was wrongly decided and should be overruled, and that the District Court erred in failing to submit the diversity issue to the jury.[1]

We find these contentions to be without merit.

The Order of the District Court dismissing the Complaint will be affirmed.

1. The trial court may decide the issue of diversity or refer it to a jury and its refusal to submit the issue to a jury cannot be challenged on appeal as an abuse of discretion. Seideman v. Hamilton, 275 F. 2d 224 (3 Cir. 1960). The record here amply supports the finding as to citizenship.