Neeta **WEBB**

v.

Robert E. **NOLAN**, M.D.

No. C–76–WS–72.

United States District Court, M. D. North Carolina, Winston-Salem Division.

Aug. 29, 1972.

Neeta Webb, pro se.

Ralph M. Stockton, Jr., Winston-Salem, N. C., for defendant.

## MEMORANDUM OPINION

HIRAM H. WARD, District Judge.

This matter is before the Court on motion of the defendant to dismiss for lack of jurisdiction on the grounds that diversity of citizenship does not exist between the parties. The plaintiff thereafter filed a demand for jury trial on the jurisdictional question raised by the defendant's motion to dismiss.

The motion came on for hearing on August 9, 1972. The plaintiff appeared *pro se* and the defendant was

## 420

represented by counsel. The Court denied the plaintiff's request for a trial by jury of the jurisdictional question raised by the defendant's motion, holding that unless the Court wishes to use a jury advisorily, the issue of citizenship is not a jury issue. Seideman v. Hamilton, 275 F.2d 224 (3rd Cir. 1960), cert. den. 363 U.S. 820, 80 S.Ct. 1258, 4 L.Ed.2d 1517 (1960); Har-Pen Truck Lines, Inc. v. Mills, 378 F.2d 705 (5th Cir. 1967); Spears v. Ohio River Company, 406 F.2d 344 (3rd Cir. 1969).

Having considered the entire official file, documentary evidence introduced by the defendant, response of the plaintiff and her affidavit, exhibits and testimony, but excluding as evidence affidavits submitted by the plaintiff of California residents whose depositions were not taken, the Court concludes that the plaintiff was a resident and citizen of North Carolina on March 14, 1972, the date this action was commenced and that the Court is therefore without jurisdiction because diversity of citizenship does not exist between the parties, since the defendant was likewise a resident of this state.

■ The defendant's motion to dismiss for lack of jurisdiction was filed under Rule 12(b), Federal Rules of Civil Procedure, and was also raised in his answer. In considering this matter and in addition to the evidence submitted, the Court is constrained to take judicial notice of the previous case between the same parties in this Court, as well as other litigation over the years by the plaintiff herein in this Court. Golaris v. Jewel T. Co., Inc., 22 F.R.D. 16 (D.C. Ill.1958).

■ On August 31, 1967, the plaintiff through her attorney filed a malpractice suit against the defendant (C–179–WS–67), alleging that she was a citizen and resident of California and invoking the jurisdiction of the Court on diversity grounds which were not questioned by the defendant. On March 23, 1971, during the trial of this action before Judge Regan, the plaintiff appeared

pro se and prior to the conclusion of plaintiff's case-in-chief submitted to a voluntary dismissal. At this stage the situation was the same as if the suit had never been filed. Bunger v. United States Blind Stitch Mach. Corp., 8 F.R. D. 362 (S.D.N.Y.1948); 9 Wright & Miller, FP&P, Sec. 2367. However, under Rule 41(a)(1) & (2), N.C. Rules of Civil Procedure, a voluntary dismissal without prejudice allows a new action on the same claim to be instituted within one year.

■ On March 14, 1972, within the one year period, the plaintiff filed the instant case. Again appearing pro se, she alleged that she was a citizen of California while the defendant was a citizen of North Carolina. Consequently, diversity of citizenship must exist as of that date in order to establish federal jurisdiction. 28 U.S.C.A. § 1332 (and cases cited in Note 230).

The plaintiff was born in California in 1908 and lived in several different states with her family prior to their moving to Mt. Airy, North Carolina. Thereafter, in 1954, after receiving her Masters Degree in Education at the University of North Carolina at Greensboro, plaintiff accepted a high school teaching position in California. Since that date plaintiff has regularly returned to North Carolina during the vacations and holidays from her teaching job in California. For years she considered a Winston-Salem physician her regular or family doctor and went to him for her regular checkups.

■ The defendant insists that since Rule 11, Federal Rules of Civil Procedure, requires "a party who is not represented by an attorney [to] sign his pleading and state his address," the plaintiff stating her address as "131 W. Lebanon Street, Mt. Airy, North Carolina 27030" on all pleadings as well as correspondence in a rather voluminous file constitutes a binding judicial stipulation as to address. While this is undoubtedly true, address and domicile are not synonymous and citizenship is deter-

mined by domicile, not address or residence alone. However, the evidence is uncontradicted that in July 1971 the plaintiff became the owner of her former family home [1] at that address in Mt. Airy and has resided there continuously since that date. This property consists of a lot with a 12-room house thereon, every room being furnished or at least partially furnished. The plaintiff has listed the property for taxes in 1971 and 1972 in Surry County, North Carolina.

In answer to the defendant's interrogatories, the plaintiff admits that she has resided in her Mt. Airy home from July 1971 until the present time; that she was not employed in California on the date this action was instituted nor was she seeking employment there; that she owns personal property in California and it is in storage there.

The plaintiff, on the other hand, strenuously contends that she has every intention of returning to California; that her North Carolina home is a holiday or vacation home and that while she has been physically present in North Carolina since July 1971, she is still "living" in California; that she maintains a bank account in California and has (since answering defendant's interrogatories) been making payments on a lot; and that she has notified her high school principal that she plans to return to teach there in the fall of 1972; also, she has not registered to vote in North Carolina but is so registered in California, although she has not exercised voting privileges there since she returned to North Carolina in July 1971.

■■■ An excellent summary of the test to be applied in ascertaining whether diversity jurisdiction exists is contained in Russell v. New Amsterdam Casualty Co., 325 F.2d 996 (8th Cir. 1964), as follows:

"(1) Statutes conferring federal jurisdiction are to be strictly construed; (2) if the jurisdictional allegations are challenged by the defendant, the plaintiff has the burden of establishing jurisdiction by competent proof and by a preponderance of the evidence; (3) citizenship and domicile are synonymous for purposes of 28 U.S.C.A. § 1332; (4) diversity of citizenship must exist not as of the time the cause of action arises, but as of the time the suit is instituted; (5) any person, sui juris, may make a bona fide change of citizenship at any time; . . . ."

■■■ However, in determining the essential elements of domicile, statements of intention are entitled to little weight when in conflict with the facts. Griffin v. Matthews, 310 F.Supp. 341 (M.D.N.C.1969), affirmed 423 F.2d 272 (4th Cir. 1970). "The determination of domicile depends upon no one fact or combination of circumstances but upon the whole, taken together, showing a preponderance of evidence of a particular place of domicile. A person's own testimony regarding his intentions in respect to acquiring or retaining a domicile is not conclusive; such testimony is to be accepted with considerable reserve, even though no suspicion may be entertained of the truthfulness of the witness." 25 Am.Jur.2d, Domicile Sections 91 and 93 (1966).

■■■ Applying the facts and the reasonable inferences to be drawn therefrom to the controlling principles of law, this Court is convinced that the preponderance of evidence clearly indicates that the plaintiff has been a citizen and resident of North Carolina since July 1971 and that, therefore, diversity of citizenship did not exist between the plaintiff and defendant at the time this action was instituted on March 14, 1972. While teaching in California, the plaintiff quite naturally resided there during the school term and participated in activities relating to her profession. Her conduct over the years, however, speaks

---

[1] There is no evidence as to whether plaintiff purchased the property from a third party or whether she inherited an interest therein and purchased the remaining interest from the other heirs.

much clearer than her expressed intentions, particularly those expressed since the institution of this action. For years it has been her practice to return home to North Carolina on holidays and vacations from her teaching position and in 1971, she acquired or reacquired her family home in Mt. Airy. The fact that she was registered to vote in California (though she has not exercised her franchise there since returning to North Carolina in July 1971) and is not registered to vote here is immaterial under the circumstances. The evidence is conclusive that she meets the requirements of domicile to register and vote in Surry County, North Carolina, under the provisions of N.C.G.S. 163–57.

The Court is cognizant of the fact that its ruling will mean that the plaintiff's case will not come to trial on its merits because of the statute of limitations. N.C.G.S. 1–52. But if jurisdiction does not exist, the Court is required to dismiss the action whenever it appears by the suggestions of the parties or otherwise that the same is lacking. The cases likewise indicate that jurisdiction of the federal courts should be carefully guarded. This Court finds consolation in the fact that both the State of North Carolina and Federal District Judges over the years have attempted "insofar as judicial propriety permitted" to assist the plaintiff appearing *pro se* in a variety of litigation. Webb v. Markel Services, Inc., (Judge) Allen H. Gwyn, et al., No. C–30–WS–65 (M.D.N.C., filed Oct. 25, 1965), (referring to previous litigation in the Superior Court of Surry County, N.C.); see also Webb v. John S. McKee, Jr., M.D., et al., No. C–31–WS–65 (M.D.N.C., filed Oct. 25, 1965), (suit for false imprisonment in State Hospital); Webb v. Winston-Salem Journal & Sentinel, et al., No. C–32–WS–65 (M.D.N.C., filed October 25, 1965), (suit for libel).

For the reason stated, it is ORDERED that the defendant's Motion to Dismiss the action for lack of diversity jurisdiction be, and the same hereby is, allowed.

A judgment will be entered accordingly.