895 F.2d 1168
 Lynda Dyer ROBINSON, Administrator of the Estate of William
Dyer, deceased, Tracy Barnes, Terry Dyer, and Mark
Dyer, Plaintiffs-Appellants,
v.
WILLOW GLEN ACADEMY and/or Juneau Academy, Gail Braun, James
Balistreiri and Henry Green, Defendants-Appellees.
 No. 89-1056.
 United States Court of Appeals,
Seventh Circuit.
 Argued Dec. 5, 1989.
Decided Feb. 13, 1990.
Rehearing Denied March 26, 1990.
 
 Llwellyn L. Greene-Thapedi, Chicago, Ill., for plaintiffs-appellants.
 Richard R. Lichter, Milwaukee, Wis., for Willow Glen Academy.
 Douglas J. Carroll, Arnold, Murray, O'Neill & Schimmel, Milwaukee, Wis., for Juneau Academy, Gail Braun, James Balistreiri and Henry Green.
 Before FLAUM, RIPPLE and DUMBAULD*, Circuit Judges.
 FLAUM, Circuit Judge.
 
 
 1
 The sole issue in this appeal is whether, under Wisconsin law, a voluntarily dismissed federal diversity suit tolls the statute of limitations for negligence actions. This case arises out of the drowning death on August 16, 1984 of the 17 year-old son of Lynda Dyer Robinson. The plaintiffs filed a lawsuit in the United States District Court for the Northern District of Illinois on August 14, 1986, alleging negligence and naming as defendants Juneau Academy Inc. (the predecessor to Willow Glen), Gail Braun, James Balistreiri, Henry Green, and the Village of Palmyra.
 
 
 2
 The Village of Palmyra filed a motion for change of venue and the case was subsequently transferred to the Eastern District of Wisconsin. In February of 1987, the plaintiffs filed a motion under Fed.R.Civ.Pro. 41(a)(2) seeking voluntary dismissal without prejudice on the basis that they had been unable to retain counsel in Wisconsin. This motion was granted and the case was dismissed.
 
 
 3
 On March 9, 1988, about three and one-half years after the drowning, plaintiffs refiled their complaint. The defendants then filed a motion to dismiss because the lawsuit had not been commenced within three years after the accident as provided by the Wisconsin statute of limitations. Wis.Stat. Sec. 893.54.
 
 
 4
 In opposition to this motion the plaintiffs argued that the statute of limitations was tolled during the period of time in which the earlier suit was pending and thus their suit was timely. The district judge held that the voluntary dismissal of the earlier suit rendered that action a nullity, leaving the cause of action as if the suit had never been filed. On this basis, the district judge held that Wisconsin law did not provide for tolling of the statute of limitation and dismissed the suit. Plaintiffs appeal this decision.
 
 
 5
 The Wisconsin statute of limitations, Wis.Stat. Sec. 893.54, provides that actions to recover damages for injury to the person and to recover damages for wrongful death shall be commenced within three years. Wisconsin also has a tolling statute which provides that "a law limiting the time for commencement of an action is tolled by the commencement of the action ..." Wis.Stat. Sec. 893.13. The question before us is whether the first action, that was voluntarily dismissed, was "commenced" for the purposes of the tolling statute.
 
 
 6
 Wisconsin has provided explicitly by statute that, for purposes of tolling its statute of limitations on the basis of an action brought outside Wisconsin, "the time of commencement or final disposition of an action is determined by the local law of the forum." Wis.Stat. Sec. 893.15(2). It has further defined "a non-Wisconsin forum" to mean "all courts, state and federal, in states other than this state and federal courts in this state." It is quite clear, therefore, that the Wisconsin legislature did not intend its statute of limitation to be tolled when an action in federal court had not been "commenced" under the law governing the commencement of actions in federal court.
 
 
 7
 Ordinarily, the time of the commencement of a diversity action is determined by the applicable state law. See Walker v. Armco Steel Corp., 446 U.S. 740, 100 S.Ct. 1978, 64 L.Ed.2d 659 (1980); Ragan v. Merchants Transfer & Warehouse Co., 337 U.S. 530, 69 S.Ct. 1233, 93 L.Ed. 1520 (1949). However, when, as here, a case is voluntarily dismissed pursuant to Rule 41(a)(2), the Federal Rules of Civil Procedure control and the action is treated as if it had never been filed. See United States v. Mt. Vernon Memorial Estates, Inc., 734 F.2d 1230, 1236 (7th Cir.1984) (voluntary dismissal under Rule 41(a)(2) "turns back the clock; it is as if the plaintiff's lawsuit had never been brought"); see also Cabrera v. Municipality of Bayamon, 622 F.2d 4 (1st Cir.1980); Wallace Clark & Co. v. Acheson Indus., Inc., 394 F.Supp. 393, 401 (S.D.N.Y.1975), aff'd, 532 F.2d 846 (2nd Cir.), cert. denied, 425 U.S. 976, 96 S.Ct. 2177, 48 L.Ed.2d 800 (1976); Webb v. Nolan, 361 F.Supp. 418, 420 (D.C.N.C.1972), aff'd, 484 F.2d 1049 (4th Cir.1973), appeal dismissed, 415 U.S. 903-04, 94 S.Ct. 1397, 39 L.Ed.2d 461 (1974); 9 Wright and Miller, Federal Practice and Procedure, Sec. 2367, p. 186.
 
 
 8
 Our conclusion that the Wisconsin legislature intended that its statute of limitations not be tolled when an action was voluntarily dismissed in federal court is further substantiated by the general tolling provision in section 893.13(2). The district court, to whom we owe substantial deference in matters of state law, PPG Indus., Inc. v. Russell, 887 F.2d 820, 823 (7th Cir.1989), noted that, when the Wisconsin legislature enacted section 893.13(2), it assumed that a voluntary dismissal would not toll the statute of limitations.
 
 
 9
 Nor do we believe that this is an appropriate case for equitable tolling. See Trustees of the Chicago Truck Drivers v. Central Transport Inc., 888 F.2d 1161 (7th Cir.1989). The law in this area is well established and the plaintiffs advance no reason for their delay in filing.
 
 
 10
 As a result, the plaintiffs are not entitled to a tolling of the statute of limitations. The judgment of the district court is affirmed.
 
 
 
 *
 The Honorable Edward Dumbauld, Senior District Judge of the United States District Court for the Western District of Pennsylvania, is sitting by designation