998 F.2d 1009
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Robert E. JONES; Susan M. Jones, Plaintiffs-Appellants,
v.
ONE VALLEY BANK, Defendant-Appellee.
 No. 92-2583.
 United States Court of Appeals,
Fourth Circuit.
 Submitted: June 25, 1993.
Decided: July 14, 1993.
 
 Appeal from the United States District Court for the Northern District of West Virginia, at Martinsburg. Frederick P. Stamp, Jr., District Judge. (CA-91-31-M-S)
 Byron Craig Manford, Martinsburg, West Virginia, for Appellants.
 Curtis G. Power, III, J. Lee Van Metre, Jr., STEPTOE & JOHNSON, Martinsburg, West Virginia, for Appellee.
 N.D.W.Va.
 AFFIRMED.
 Before PHILLIPS, WILKINSON, and WILLIAMS, Circuit Judges.
 OPINION
 PER CURIAM:
 
 
 1
 Robert E. Jones and Susan M. Jones appeal from the district court's order dismissing their Complaint against One Valley Bank (the Bank) in which they allege the Bank violated the Fair Credit Reporting Act (the FCRA) by failing to disclose the origin of a consumer credit report which the Bank had relied upon in deciding to deny their application for a mortgage. See 15 U.S.C. § 1681m(a) (1988).
 
 
 2
 According to their Complaint, the Joneses were notified by the Bank on June 23, 1989, that their application for a home mortgage loan was denied. The Bank based its decision on negative and inaccurate credit information contained in the credit report. The Joneses claimed that the Bank failed to comply with the FCRA by disclosing which credit reporting agency provided the credit report.[1]
 
 
 3
 The Joneses originally filed a complaint against the Bank and other defendants on April 24, 1990. Pursuant to Fed. R. Civ. P. 41(a), the Bank was voluntarily dismissed without prejudice on February 13, 1991.[2] After the Joneses unsuccessfully attempted to amend their Complaint in that proceeding to again add the Bank as a defendant, they initiated this action on August 2, 1991. The district court dismissed the complaint, finding that the Joneses had failed to file it within the two-year statute of limitations provided in 15 U.S.C. § 1681p (1988). The Joneses appeal.
 
 
 4
 Section 1681p of the FCRA provides that an action under that statute must be brought within two years "from the date on which the liability arises." The Joneses argue that the date on which the Bank's liability arose was August 4, 1989-the date they discovered the identity of the credit reporting agency. However, the violation of § 1681m occurred when the Bank failed to identify the credit reporting agency, not when the identity was discovered. Any reliance upon the tolling provision provided in § 1681p is misplaced because the Bank did not misrepresent the identity of the credit reporting agency but instead completely failed to identify that agency. Therefore, the district court properly determined that the date on which the Bank's liability arose was June 23, 1989, and that the Complaint was filed more than two years beyond that date.
 
 
 5
 Accordingly, we affirm the decision of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 AFFIRMED
 
 
 [1]
 Under 15 U.S.C. § 1681m:
 Whenever credit or insurance for personal, family, or household purposes, or employment involving a consumer is denied or the charge for such credit or insurance is increased either wholly or partly because of information contained in a consumer report from a consumer reporting agency, the user of the consumer report shall so advise the consumer against whom such adverse action has been taken and supply the name and address of the consumer reporting agency making the report.
 
 
 [2]
 The effect of this dismissal was to void the original complaint, with the result that the statute of limitations continued to run. See Robinson v. Willow Glen Academy, 895 F.2d 1168, 1169 (7th Cir. 1990)